## 46801. BUTLER v. MOORE.

EVANS, Judge. Harvey E. Moore sued Clarence A. Butler for personal injuries incurred as the result of a fall while plaintiff was assisting defendant in the maintenance of electrical wiring in the defendant's home. In order to perform the work, it was necessary for plaintiff to enter the attic of the defendant's residence by way of a disappearing, spring-loaded stairway, which was so constructed as to pull down from the ceiling when access thereto is desired. While the plaintiff was in the process of using said stairway to descend from the attic, the staircase and frame fell from the ceiling, and severely injured him. Plaintiff alleged that defendant was aware of the precarious nature of this stairway, and of its tendency to fall, but failed to warn plaintiff of said peril. He alleged that as a direct and proximate result of defendant's negligence plaintiff sustained the injuries for which he seeks judgment. The defendant denied the allegations of the complaint and thereafter filed a motion for summary judgment based upon the pleadings, depositions and an affidavit.

The substance of the defendant's motion for summary judgment was that although the stairway had fallen with defendant's minor son, age 18, some years before, the son had never told him about the stairway having fallen with him, and that he had replaced it with nails, and defendant thus insists he was not responsible since he had no knowledge of the dangerous condition of the stairs. After a hearing, the defendant's motion for summary judgment was overruled and the appeal is from this judgment. *Held:*

1. On a motion for summary judgment by the defendant the complaint is to be construed liberally in favor of the complainant, and the burden is upon the movant to show no genuine issue as to any material facts since the opposing party is given the benefit of all favorable inferences that may be drawn from the evidence. *Candler General Hospital v. Purvis,* 123 Ga. App. 334 (1) (181 SE2d 77), and cases cited therein.

2. Relationship of principal and agent arises whenever one, expressly, or by implication, authorizes another to act for him, or subsequently ratifies the acts of another in his behalf; and this includes the acts of an infant agent of the principal. *Code* §§ 4-101, 4-102.

3. Every person shall be liable for torts committed by his wife, child or servant, by his command or in the prosecution and within the scope of his business, whether the same shall be by negligence or voluntary. *Code* § 105-108. While the word "business" is commonly employed in connection with an occupation for livelihood or profit, it is not limited to such pursuits. See *Stanford v. Smith,* 173 Ga. 165, 167 (159 SE 666). Thus, under the evidence submitted here, which shows that the son assisted in doing little things around the home, making minor repairs, and that the stairway fell when the son was using it, and he repaired it with some nails, there was some direct evidence of agency.

4. Under the law as to summary judgment, as all inferences are construed most favorably towards the party opposing the motion, in this case an inference could very well have arisen that the stairway fell with plaintiff because of having been improperly nailed back into place by defendant's son, while said son was acting as agent of defendant.

5. The minor son had first-hand knowledge of the previous falling of the stairway and of his conduct in nailing the stairs back into place, and if done defectively, he was chargeable with notice thereof. The father in this case, being the principal, was chargeable with whatever notice

the son had. And, of course, the father was, at the very least, therefore chargeable with notice the stairway had previously fallen. *Code* § 4-309.

6. The lower court did not err in denying the motion for summary judgment.

*Judgment affirmed. Bell, C. J., concurs. Eberhardt, J. concurs in the judgment only.*

ARGUED JANUARY 3, 1972—DECIDED JANUARY 19, 1972— REHEARING DENIED FEBRUARY 8, 1972.

*Greer & Murray, Frank J. Klosik, Jr.,* for appellant.
*E. H. Stanford,* for appellee.