47441. BIBB COUNTY v. McDANIEL et al.

DEEN, Judge. 1. The defendant Bibb County appeals from the denial of its motion to dismiss the complaint as to it, accompanied by a certificate as follows: "The court hereby certifies that this ruling is of such importance that the court certifies it for immediate appeal to the appellate courts of this State." This language is substantially that specified by *Code Ann.* § 6-701 (a) (2) and the motion to dismiss the appeal is denied. *State Hwy. Dept. v. Lord,* 123 Ga. App. 178 (1) (179 SE2d 780); *Hodge v. Dixon,* 119 Ga. App. 397 (167 SE2d 377) (dissent).

2. The plaintiff-appellee is the widow of the deceased McDaniel, a passenger in an automobile driven by the defendant Overton, both men being employees of the defendant Southern Railway Company. The petition expresses its intention of seeking recovery from the employer under the provisions of the Federal Employers' Liability Act, and alleges that the negligence of Overton, a fellow servant, in running off a highway combined with the negligence of the county in improper maintenance of a guardrail as part of an approach to a bridge located within the county. The county contends that the case is illegally proceeding against it because no joinder is permissible against it based on negligence resulting from the violation of a duty imposed on it by state law

in conjunction with an action against the railroad based on F. E. L. A. statutes because the legal duties of these defendants toward the deceased are not the same. In support of this contention it cites *Lee v. Central of Ga. R. Co.,* 147 Ga. 428 (94 SE 558), affd. 252 U. S. 109 (40 SC 254, 64 LE 482), where it was held that one could not join a defendant employer interstate carrier under F. E. L. A. with an employee train engineer because "to join defendants in the same suit they must owe the same duty." The U. S. Supreme Court on certiorari affirmed on the sole basis that only a state procedural question was raised by the decision, but commented that if the Supreme Court of Georgia had permitted the joinder "we might have been required to determine whether, in view of the practice prevailing in Georgia, such decision would not impair the employer's opportunity to make the defenses to which it is entitled by the federal law."

Since 1917 when the *Lee* case was decided our procedure has changed, and is now controlled by *Code Ann.* § 81A-120: "All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all of them will arise in the action. A. ... defendant need not be interested in ... defending against all of the relief demanded." The cause of action posited certainly meets these specifications. In fact, it is interesting to note that in Way v. Waterloo &c. R. Co., 239 Ia. 244, 254 (29 NW2d 867, 174 ALR 723), where in a petition filed jointly against the carrier under the F. E. L. A. and a truck driver colliding with the train based on common law principles, and where a motion for separate trial on behalf of the railroad was made and granted (Iowa statutory law being substantially similar to our *Code Ann.* § 81A-120, supra) the Iowa Supreme Court reversed, holding it immaterial that the liability of one defendant is based on common law rules while that

of another is based on a federal statute, and observing: "We have found no case where the right to sue, in a single action, one joint tortfeasor under the Federal Employers' Liability Act and one under the common law was ever questioned." Lest it be observed that the opinion, being erroneous in this respect in that it overlooked *Lee v. Central of Ga. R. Co.,* supra, may be poor authority, we call attention to the excellent annotation on the subject in 174 ALR 723, which supports the result, if not the research, apparent in the Way case. We agree that *Lee* was decided on a procedural point no longer of force in this state and that these defendants may be joined in a single action. In fact, not to do so in the same action might subject the plaintiff, on a suit against Bibb County to a successful plea of res judicata. *Dixon v. Ross,* 94 Ga. App. 187 (94 SE2d 86).

3. Under the provisions of *Code Ann.* § 95-1001 counties are primarily liable and may be sued for injuries caused by defective bridges and the approaches thereto, but the appellant contends that this statutory exception to the common law rule does not extend to an action brought against a county as a joint tortfeasor *in another county,* and this petition was filed in the Superior Court of Cobb County, residence of the defendant Overton and a county where the railroad company had a place of business. It is urged that this is so because the doctrine of sovereign immunity obtains except where the statute dictates otherwise, and this statutory consent to suit must be construed strictly to restrict venue to those courts which lie within the county being sued. Certain language in *Lincoln County v. Gazzaway,* 43 Ga. App. 358 (158 SE 647), the only case relied upon to sustain this contention, is inapplicable because there the county was the sole defendant and the holding in that case was merely to the effect that the Superior Court of Lincoln County was a proper venue for the action. This action is a damage suit against joint and several tortfeasors, as to which the Constitutional provision (*Code* § 2-4904) applies to the

effect that suits against joint trespassers may be tried in the county of either. Nothing in *Code Ann.* § 95-1001 limits venue to courts within the county of the governmental defendant. *Code Ann.* § 95-1710 relating to avouchment procedures against the State Highway Department provides for notice to it whenever "any suit against a county is brought in any court of this State." While we do not consider this authority for the proposition that the legislature intended to expressly provide for suits against counties to be brought elsewhere, it certainly indicates that no contrary intention obtains. The governmental subdivision, when it is suable at all, is suable as any other defendant in the absence of statutory restrictions. *Code* § 23-1501 expressly provides: "Every county is a body corporate, with power to sue or be sued in any court." There is no need to torture the phraseology of this language. The defendants being alleged to be joint tortfeasors, venue could properly be laid in the county of residence of a co-defendant, governmental or otherwise.

*Judgment affirmed. Eberhardt, P. J., and Clark, J.; concur.*
ARGUED SEPTEMBER 14, 1972—DECIDED SEPTEMBER 25, 1972.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, G. Thomas Davis, Assistant Attorneys General,* for appellant.

*J. M. Grubbs, Adele Platt,* for McDaniel.

*Greene, Buckley, DeRieux & Jones, Burt DeRieux, Alfred B. Adams, III,* for Southern R. Co.