## 47488. BENSON PAINT COMPANY v. WILLIAMS CONSTRUCTION COMPANY et al.

QUILLIAN, Judge.   Bobby Edward Smith (hereinafter referred to as plaintiff) filed a complaint in the Muscogee Superior Court in which it was alleged that he was injured while employed by Benson Paint Company (hereinafter referred to as third-party defendant) while working on a construction project where Williams Construction Company (hereinafter referred to as defendant) was the general contractor and the third-party defendant was a subcontractor. Thereafter, defendant filed its answer and a third-party complaint against the third-party defendant and another. Subsequently a second answer was filed on behalf of the defendant which was withdrawn. The third-party defendant filed an answer to the third-party complaint alleging, inter alia, that the plaintiff was receiving weekly payments of compensation under the applicable workmen's compensation laws. The third-party defendant filed a motion for summary judgment with supporting documents. The defendant filed both an amended and recast third-party complaint, and an amended and recast answer. The third-party defendant's motion for summary judgment was denied and a certificate for immediate review was duly entered. Notice of appeal from that judgment was filed by the third-party defendant.

From the pleadings and proof offered the following facts appear. In his complaint, plaintiff alleged that he was employed by the third-party defendant on January 13, 1971, and was on that date engaged in a construction project in Phenix City, Alabama; the defendant was the general contractor of this project and third-party defendant was a subcontractor; the plaintiff was injured when, in stepping off of a ladder on which he was standing, he slipped on a piece of conduit and fell upon a glass bottle; it was the duty of defendant to keep the work premises clean.

The defendant (third-party plaintiff) stated in its third-party complaint, as amended, that the defendant had turned over possession and control of the premises to the third-party defendants who thereafter had the primary duty and obligation to maintain the premises in a safe and clean condition, and that if the plaintiff was injured due to the negligence of the defendant in failing to maintain the premises in a safe condition, then the third-party defendants would be liable over to the defendant for any sums adjudged against defendant in favor of plaintiff. The defendant further incorporated into its third-party complaint sub-contracts entered into between it and each of the third-party defendants, which subcontracts contained in part the following provisions: "Art. VIII. Sub-contractor hereby agrees to indemnify contractor against, and to hold contractor harmless from any and all liability, claims, demands, or judgments or settlements for damages from negligence or wilful conduct of the sub-contractor, his agents, servants or employees arising from the performance of the work, and the sub-contractor will defend any and all suits that may be brought against the contractor on account of any such liability and will pay for all expenditures necessarily made in connection with the investigation and defense of such suits. . . Art.

XIV. The sub-contractor shall remove from the premises, as often as directed, by the contractor, all rubbish, debris and surplus material which may accumulate from the prosecution of the work covered by this contract, and should the sub-contractor fail to do so upon such notice, then the contractor may, at his option, cause the same to be removed and charge the expense of such removal to said sub-contractor." *Held:*

1. The third-party complaint does state that the cause of the plaintiff's injuries was the negligence of the third-party defendant and not that of the defendant. Of course, this cannot be the basis of a third-party complaint. *Central of Georgia R. Co. v. Lester,* 118 Ga. App. 794 (165 SE2d 587); *S. M. & M. Realty Corp. v. Highlands Ins. Co.,* 123 Ga. App. 170 (179 SE2d 781). As pointed out in Moore's, impleader is not proper where the defendant in effect tenders to the plaintiff an additional defendant against whom plaintiff might or might not assert a claim. See 3 Moore's Federal Practice, 607, § 14.15.

Nevertheless, the third-party complaint cannot be construed to assert that the sole cause of the plaintiff's injuries was the negligence of the third-party defendant. Under the Civil Practice Act a liberal construction should be given to third-party pleadings. See *Koppers Co. v. Parks,* 120 Ga. App. 551, 554 (171 SE2d 639). Here the third-party complaint sets out that the defendant is entitled to indemnity from the third-party defendant under the terms of certain contracts between the parties.

2. It is true as appellant states that contracts of express indemnity are strictly construed and absent unequivocal language will not be interpreted to indemnify a party against its own acts of negligence. *Batson-Cook Co. v. Ga. Marble &c. Co.,* 112 Ga. App. 226, 230 (144 SE2d 547); *Scarboro Enterprises, Inc. v. Hirsh,* 119 Ga. App. 866, 870 (169 SE2d 182). The

provisions of the contract in the case sub judice which are above set out clearly do not indemnify the defendant for its own acts of negligence. However, it just as certainly does grant indemnity to the defendant for damages due to the negligence of the third-party defendant. The defendant as the contractor had the overall responsibility for the removal of debris and surplus material. Regardless of the defendant's liability to the plaintiff, the third-party defendant was responsible for removal of such debris and surplus material when directed by the defendant. If it were so directed and failed to accomplish the task, then its negligence in conjunction with negligence of the defendant combined to cause the plaintiff's injuries. In such a case the defendant would be entitled to indemnity from the third-party defendant under the express terms of the contract.

Here the burden was on the third-party defendant as movant for summary judgment to establish that there was no genuine issue of material fact. *Mica Top Fixture Co. v. Frank G. Shattuck Co.,* 124 Ga. App. 100 (1) (183 SE2d 15); *Cooper v. Plott,* 226 Ga. 647, 648 (177 SE2d 82). The party resisting the motion for summary judgment is given the benefit of all favorable inferences that may be drawn from the evidence. *Butler v. Moore,* 125 Ga. App. 435 (188 SE2d 142). There was no positive showing that the defendant, as contractor, did not direct the third-party defendant, as subcontractor, to remove the material which caused the plaintiff's injuries. In such circumstances the denial of the motion for summary judgment was not error.

*Judgment affirmed. Hall, P. J., and Pannell, J., concur.*
ARGUED SEPTEMBER 12, 1972 — DECIDED FEBRUARY 2, 1973.

*Hatcher, Stubbs, Land, Hollis & Rothschild, Albert W. Stubbs,* for appellant.

*Kelly, Champion, Denney & Pease, Forrest L. Champion, Roberts & Kilpatrick, Neely, Freeman & Hawkins,* for appellees.