## 50709. GEORGIA PORTS AUTHORITY v. CENTRAL OF GEORGIA RAILWAY COMPANY et al.

MARSHALL, Judge.

This case had its genesis in a complaint by one Mitchell against the Central of Georgia Railway Company and Georgia Ports Authority in which he alleged he suffered injuries while engaged in duties for his employer, the Central of Georgia, which owned and operated an interstate commerce railroad, but was operating at the time on the property of the Georgia Ports Authority consisting of state-owned tracks in the authority's dock area situated in Chatham County, Georgia.

Mitchell alleged that the Central of Georgia employed a switch engine crew and that he was one of the members of that crew. He further alleged the Central of Georgia required him to work on and around tracks which were "unsafe" and the Ports Authority allowed an open drain hole to be located on the walkway in the vicinity of the tracks used to service the docks. In effect, Mitchell alleged the Central of Georgia was negligent in requiring him to work in that portion of the docks when the area was unsafe, and that the Ports Authority was negligent in allowing an unsafe condition to exist by not properly lighting the area and allowing a drain hole to be uncovered. As a result of the negligence of both parties defendant, Mitchell, complained he fell into the drain hole and was injured. Mitchell conceded he was not employed by the Ports Authority, but based his claim against them on simple negligence. He predicated his claim against Central of Georgia, an interstate carrier, upon the provisions of the Federal Employer's Liability Act. That Act, he claimed, imposed a statutory duty upon his employer to furnish its employees a safe place in or upon which to work.

The Central of Georgia, appellee in this case, filed a cross claim against the Ports Authority, appellant herein, in which it alleged the Ports Authority was liable to the Central of Georgia under an indemnification agreement with the Central of Georgia for any damages which might be recovered against it and to indemnify and hold harmless the railway from and against any and all claims resulting from negligence, or other causes, arising from or in connection with the use of engines or rail cars of the railroad upon the privately owned spur tracks of the Ports Authority. In its answer to the cross claim, the Ports Authority maintained that under the allegations of Mitchell's complaint, if there was any responsibility to Mitchell for injuries sustained by him, it was based solely upon a negligent omission by the Central of Georgia of its statutory duty to furnish a safe place to work, as opposed to a common law right of recovery based upon the negligence of a tortfeasor, and that the federal statute was the sole basis of recovery. Since the statutory basis of indemnity was not specifically included in the agreement, the Ports Authority contends there was no liability under that agreement running from the Ports Authority to the Central of Georgia in this particular case.

During the course of the trial, a settlement was made by both defendants with Mitchell and a consent verdict was entered in the sum of $74,150 with court costs to be paid by each defendant on a 50-50 basis. The rights of the defendants in the cross claim were reserved with no questions to be raised as to the reasonableness or voluntariness of the settlement based upon the fact that it was a settlement rather than an adversary judgment and verdict.

Each defendant in the original case filed a motion for summary judgment in the cross claim, the Central of Georgia resting on the indemnification agreement and the Ports Authority contending the indemnification agreement did not apply to liability of the Central of Georgia arising out of the Federal Employers' Liability Act. The Ports Authority brings this appeal from the judgment and order of the trial court sustaining the motion for summary judgment in favor of the Central of Georgia. *Held:*

Appellant, Georgia Ports Authority, asserts that within the terms of the original plaintiff Mitchell's complaint, liability to him by the Central of Georgia was based upon a statutory remedy founded in statute (the FELA; 45 USCA, § 51 et seq.) whereas liability to him by the Ports Authority (not a carrier engaged in interstate commerce) would necessarily be based upon common law principles of negligence by a tortfeasor. Appellant concedes it was proper to sue both defendants in the same cause of action (Ga. L. 1966, pp. 609, 631 (Code Ann. § 81A-120); *Bibb County v. McDaniel,* 127 Ga. App. 129, 131 (192 SE2d 544)), but denies that the indemnity agreement, in the absence of express language to that effect, covered the special statutory liability created by the Federal Employers' Liability Act, and because of its general language, the agreement could not be construed to include indemnification where the indemnitee's liability is predicated upon one theory and the indemnitor's liability is predicated upon yet another. These are the issues raised by the first, second, fifth and sixth enumerations of error.

In pertinent part the indemnity agreement provided: "The Authority (Georgia Ports) will also indemnify and save harmless the Railway from and against any and all claims, demands, suits, or judgments for sums of money to any person, corporation, firm or individual, accruing for loss of life, or injury or damage to person or property resulting from negligence or other causes, and arising from or in connection with the operation of the aforesaid engines, or the aforesaid delivery of any car by the Railway on the aforesaid tracks of the Authority; excepting loss, damage, injury or homicide resulting from the sole negligence of the railway."

Appellant contends that the general language in the indemnity contract cannot make it, the indemnitor, liable for the statutory liability of the indemnitee in the absence of express language to that effect in the agreement. It asserts the words "or other causes" in the agreement are so general as to preclude indemnification under the specific grounds found by the trial court. *Batson-Cook Co. v. Georgia Marble &c. Co.,* 112 Ga. App. 226 (144 SE2d 547). It further asserts that where the parties to an

indemnity agreement fail to refer expressly to statutory liability in their agreement, such failure evidences the parties' intention not to provide for such indemnity for the indemnitee's negligence. *Bohannon v. Southern R. Co.,* 97 Ga. App. 849, 850 (104 SE2d 603).

Appellant's position is unsound. It is not necessary in an indemnity agreement between a railway common carrier and a non-common carrier expressly to provide a reference to the Federal Employers' Liability Act. The parties to such an agreement are held to have known of the existence of the federal statute at the time they executed their agreement. Kennedy v. Pennsylvania R. Co., 282 F2d 705, 709 (fn. 2). It would torture the clear words of this agreement to find that the parties to this agreement intended in such cases as this that the railroad's negligence was to be determined under the federal statute for one judgment (Mitchell's settlement) and under the common law for the other (indemnification from the Ports Authority). Wanser v. Long Island R. Co., 238 F2d 467, 470. Recent cases have established the principle that when a person has become liable with another for harm caused to a third person because of his negligent failure to make safe a dangerous condition of land or chattels, which was created by the misconduct of the other or which as between the two, it is the other's duty to make safe, he is entitled to restitution from the other for expenditures properly made in the discharge of such liability, unless after discovery of the danger, he acquiesced in the continuation of the condition. Booth-Kelly Lumber Co. v. Southern Pacific Co., 183 F2d 902, 910; 6 ALR3d 1307, 1311, 1313. Furthermore, the question of such liability is not to be determined under the common law but in accordance with the terms of the agreement. Booth-Kelly Lumber Co. v. Southern Pacific Co., supra, p. 906. Thus, where the indemnification agreement provides the Ports Authority would hold the common carrier (Central of Georgia) harmless from any claim arising out of the railroad's use of the authority's track or storage area, except for claims arising from the sole negligence of the carrier, the Central of Georgia was entitled to indemnification for payments made under the Federal Employers' Liability Act to a switchman injured

adjacent to the authority's track, notwithstanding that the accident was proximately caused by the negligence of both the carrier and the authority. Missouri Pacific Railroad v. Winburn Tile Mfg. Co., 461 F2d 984. It is immaterial that the liability of one defendant is based upon common law rules and that of the other is based upon a federal statute. *Bibb County v. McDaniel,* supra, pp. 130-131. Thus, we are satisfied that Central of Georgia could predicate its claim against the Ports Authority upon the indemnity agreement existing between them and not be required to resort to the general law of torts. The "negligence or other causes" referred to in the indemnity agreement, we hold to include any wrongful or negligent acts of the Ports Authority which would impose liability upon the Central of Georgia under the Federal Employers' Liability Act as well as the Ports Authority's common law liability in tort to an injured party. Schiller v. Penn. Central Transportation Co., 509 F2d 263, 269.

In the fourth and seventh enumerations of error, appellant Ports Authority contends the trial court erred in finding no exception for indemnification for injuries to railroad employees. It is contended that though a person may validly bind itself by contract to indemnify an indemnitee against liability on account of his or its own future acts of negligence (*Hearn v. Central of Georgia R. Co.,* 22 Ga. App. 1, 3-7 (95 SE 368)), this is only true where the specific contract in question expresses such an intent in plain, clear and unequivocal language. *Bohannon v. Southern R. Co.,* 97 Ga. App. 849, 850, supra.

Again we find appellant's position to be untenable. Appellee, Central of Georgia, contracted with appellant, Georgia Ports Authority, to perform all necessary switching service on those tracks known as the Central Water Front Terminal situated in and near the City of Savannah, Chatham County, Georgia, acquired by the authority from an unrelated seller, the Railway and Ocean Steamship Company of Savannah. The Central of Georgia thus was required to perform services as a private contracting party and not in its regular course of business as an interstate common carrier. Under the contract, the railroad was to perform such switching services as required by the authority and its customers and the

authority was required, at its sole expense, to maintain or cause to be maintained in good and safe condition all of its tracks, together with bridges, trestles, wharves and all other structures supporting such tracks. The authority was to be solely responsible for, and would bear all loss or damage incident to damage or destruction of the railroad's engines and cars except where caused by the sole negligence of the railroad, and further would hold the railroad harmless from third-party claims resulting from negligence or other causes arising from the operation of the switching services on the authority's property. The services here identified afforded to the authority, as indicated hereinabove, services not normally required of a railroad under its duties to the public as a carrier. Thus, the railroad could attach such conditions as it saw fit in giving its consent to furnish the particular service. *Central of Georgia R. Co. v. Woolfolk Chemical Works,* 122 Ga. App. 789, 799 (178 SE2d 710).

It is clear the intent of the parties was to save the railroad harmless for personal loss of railroad property as well as from third-party claims arising out of the railroad operations on the authority property while carrying out the authority's switching requirements. The only limitation to the authority's liability was where the loss or injury would be as the result of the sole negligence of the railroad with no contributing negligence by the authority.

The words of the agreement state that the Ports Authority would "indemnify and save harmless the Railway from and against *any and all claims,* demands suits, or judgments for sums of money, *to any person,* corporation, firm or individual, accruing for loss of life, or injury or damage. *to person* or property resulting from negligence or other causes." (Emphasis supplied.) If this phrase is held to include all persons except Central of Georgia employees, it would introduce an ambiguity into an otherwise unambiguous phrase. Southern Pacific Transportation Co. v. Nielsen, 448 F2d 121, 124. We are satisfied that the railroad company, by the language, was indemnified against liability to its own employees under the Federal Employers' Liability Act, and especially is this so where its passive negligence concurs with the

active negligence of its indemnitor. *Standard Oil Co. v. Mount Bethel U. M. Church,* 230 Ga. 341, 344 (196 SE2d 869); *Central of Georgia R. Co. v. Macon R. &c. Co.,* 140 Ga. 309, 311 (78 SE 931); *Central of Georgia R. Co. v. Woolfolk Chemical Works,* 122 Ga. App. 789, supra.

Appellant has not supported its third enumeration of error in its brief either by argument or authority. Accordingly, we will treat that enumeration as having been abandoned. Rules of the Court of Appeals of the State of Georgia, Rule 18 (c) (2).

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

ARGUED JUNE 2, 1975 — DECIDED SEPTEMBER 3, 1975— REHEARING DENIED SEPTEMBER 29, 1975 — 

*Ogden Doremus,* for appellant.

*Miller, Beckmann & Simpson, John B. Miller, Lamar W. Davis, Jr., Billy E. Moore,* for appellees.