## 57686. CHARTER BUILDERS, INC. v. SIMS CRANE SERVICE, INC. et al.

CARLEY, Judge.

Resolution of the issues raised by this appeal necessitates a lengthy recitation of the underlying facts. The appellant, Charter Builders, was the general contractor for the erection of a department store building. In June of 1977 it contracted with the appellee, Sims Crane, for the lease of a crane and a crane operator. The lease agreement contained the following provision:

"Lessee [Charter] agrees to indemnify and save Lessor [Sims], its employees and agents harmless from all claims for death or injury to persons, including Lessor's [Sims'] employees, and from all loss, damage or injury to property, including the Lessor's [Sims'] equipment, arising in any manner out of Lessee's [Charter's] operation. . . Lessee [Charter] shall not be required to indemnify Lessor [Sims] for Lessor's [Sims'] sole negligence. . ."

Shortly thereafter, an employee of Charter was injured in an accident involving the crane. The employee brought suit against Sims, the allegations being that his injuries resulted from a defect in the crane itself or from the negligent operation thereof. Sims answered this suit and subsequently filed a third-party complaint against Charter based upon the indemnification provision contained in the lease agreement. Both Sims and Charter moved for summary judgment as to the issues raised as a result of the impleading of Charter by Sims.

A hearing was held and the court denied Charter's motion and found "that Sims, under the terms of said written indemnity, is entitled to a summary judgment against Charter on the question of the latter's obligation to indemnify under the facts of this case." The court, therefore, granted Sims' motion and ordered "that Charter indemnify Sims against any and all losses, damages and injuries allegedly experienced by the Plaintiff herein and for which the Plaintiff recovers in his action against Sims, including, as provided in said written indemnity, all court costs and attorney's fees."

Charter appeals from this grant of summary

judgment to Sims. We reverse.

1. It is clear that enforcement of indemnity provisions such as the one here in question turns on the issue of negligence, for the only limitation on the indemnitor's liability is where the loss or injury results from the sole negligence of the indemnitee, see generally *Ga. Ports Authority v. Central of Ga. R. Co.,* 135 Ga. App. 859, 864 (219 SE2d 467) (1975); or, in other words, if the loss or injury is attributable, even partly, to the negligence of the indemnitor, the obligation to indemnify arises. See generally *Benson Paint Co. v. Williams Const. Co.,* 128 Ga. App. 47, 50 (195 SE2d 671) (1973).

Here the burden was on Sims, the third-party plaintiff, as movant for summary judgment to establish there was no genuine issue of material fact — that the injury to the plaintiff was not the result of its sole negligence or, stated in the affirmative, that the negligence of Charter, the indemnitor, was somehow involved in the injury.

This burden is a great one for, as a general proposition, issues of negligence are not susceptible of summary adjudication but should be resolved by trial in the ordinary manner. *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259, 260 (174 SE2d 178) (1970). The trial court can conclude as a matter of law that the facts do or do not show negligence only where the evidence is plain, palpable and undisputable. *Powell v. Berry,* 145 Ga. 696, 701 (89 SE 753) (1916); *Ellington v. Tolar Const. Co.,* 237 Ga. 235, 237 (227 SE2d 336) (1976).

Appellee Sims, however, urges that "plain, palpable and undisputed" evidence establishes that it was Charter's negligence (and, therefore, cannot be its (Sims') "sole negligence") which resulted in the plaintiff's injuries, and that summary judgment requiring Charter to indemnify was thus properly granted.

Appellee Sims alleges that the record clearly establishes Charter's "active" negligence in supervising the job, resulting in improper use of the crane by the injured plaintiff-employee. We are cited to *Benson Paint Co. v. Williams Const. Co.,* 128 Ga. App. 47, supra, for the proposition that such a duty to supervise was owed by Charter. Review of that case, however, reveals that the

"duties" of the parties had been established by contract; such is not the case here. Suffice it to say that we have thoroughly and carefully examined the record on appeal and do not find "the undisputed facts [to] be so clear as to leave no room for a jury to find save one way" — that Charter's conduct in this matter was somehow negligent and that that negligence resulted in plaintiff's injury. *Powell v. Berry,* 145 Ga. 696, at 701, supra.

Sims next urges that the evidence establishes the contributory negligence of the injured employee which must be imputed to Charter as the employer. The evidence of the employee's actions is undisputed but does not, we believe, establish "plain and palpable" negligence on his part.

" 'Even where there is no dispute as to the facts, it is, however, usually for the jury to say whether the conduct in question met the standard of the reasonable man.' [Cit.]" *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259, 260, supra. See also *McCurry v. Bailey,* 224 Ga. 318 (162 SE2d 9) (1968); *Wynne v. Southern Bell Tel. & Tel. Co.,* 159 Ga. 623 (126 SE 388) (1925).

We, therefore, conclude that insofar as the trial court's grant of summary judgment to Sims was based upon a summary adjudication of Charter's alleged negligence, it was erroneous. "Unless no other conclusion is permissible, questions of negligence are matters for jury resolution and are not ordinarily susceptible to summary adjudication. [Cit.]" *Russell v. Goza,* 143 Ga. App. 455, 456 (1) (238 SE2d 583) (1977).

2. Appellee Sims argues that the evidence demonstrates that the crane operator was Charter's "borrowed servant," that any negligence in the operation thereof would, therefore, be imputed as a matter of law to Charter, the "special master," and not to it, the "general master," and that any question of its negligence has thus been eliminated from the case. We do not agree for two reasons.

(a) First, the evidence does not, as alleged, conclusively establish that the crane operator was Charter's "borrowed servant." The burden was on Sims as movant for summary judgment to show that each and every one of the following requirements was met: (1) that Charter had complete control and direction of the crane

operator for the occasion; (2) that it (Sims) had no such control; and (3) that Charter had the exclusive right to discharge the operator, to put another in his place or to put him to other work. See, e.g., *Fulghum Industries v. Pollard Lumber Co.,* 106 Ga. App. 49, 52 (126 SE2d 432) (1962) and cits.

While the evidence tends to show that Charter did in fact exercise control and direction over the crane operator, we do not believe it to be sufficient on motion for summary judgment as to the other two criteria. On the question of control by Sims, the lease agreement states: "The Lessor [Sims] is responsible for Lessor's [Sims'] operation and supervision of Lessor's [Sims'] employees." That Sims, as the general employer, may not have exercised control over the time and manner of the crane operator's work is not dispositive; it is also an important consideration that it retained the right to do so. Cf. *Hodges v. Doctors Hospital,* 141 Ga. App. 649, 651 (234 SE2d 116) (1977). Nor does the evidence conclusively demonstrate Charter's exclusive right to discharge the operator — the evidence was that it would have to call Sims in order to have him removed from the job. Compare *Brown v. Smith & Kelly,* 86 Ga. 274 (12 SE 411) (1890). Likewise, the evidence fails to demonstrate that Charter had the right to put another operator of its choosing in Sims' crane; the lease stated that Sims had "exclusive independent control and custody over its equipment utilized. . ." Also, the record is silent as to Charter's authority to put the operator to other work. See generally *Pilcher v. Wise Elec. Co.,* 129 Ga. App. 92 (198 SE2d 713) (1973).

The record clearly shows that Sims was an independent contractor under the lease agreement; "[t]he parties agree that [Sims] is hired by [Charter] to do a specific job, and in doing said job, [Sims] has exclusive independent control over its equipment utilized and the method of doing the job and is responsible to [Charter] only for results." See generally *Tect Const. Co. v. Frymyer,* 146 Ga. App. 300, 303 (2) (246 SE2d 334) (1978) and cits. The crane operator in the performance of his duties was furthering the interests of Sims and Charter. On summary judgment we must construe the evidence most strongly against Sims and most favorably for Charter.

When this is done, we cannot hold that the crane operator has been shown as a matter of law to be the "borrowed employee" of Charter. Rather construing the evidence as we must, we believe that if this issue were submitted to a jury, it could be found that the operator was the employee of either Sims or Charter, or of both. *U. S. Fidelity &c. Co. v. Forrester,* 230 Ga. 182 (196 SE2d 133) (1973).

(b) We turn to the second reason why the "borrowed servant" theory is not dispositive. Even if the evidence showed that the crane operator were Charter's "borrowed servant," this would not authorize the grant of summary judgment to Sims under the facts of this case. The plaintiff has alleged that his injury was caused in whole or in part by a defect in the crane itself. There is evidence which would tend to show that the crane was not operating properly. While there is evidence that this may have been the result of the operator's performance, construing the evidence as we must on summary judgment, we are not prepared to hold that should the issue be submitted to a jury they would not be authorized to find upon consideration of all the evidence that the accident resulted from a defective crane rather than from the negligent operation thereof, and that this defect was the sole proximate cause of the injury sustained. See generally *Williams v. Kennedy,* 240 Ga. 163 (1) (240 SE2d 51) (1977). Again, we note that the lease specifically provides that Sims had "exclusive independent control and custody over its equipment utilized." It is, therefore, possible that under the evidence the jury could conclude that, even though the operator was Charter's "borrowed servant," the injury resulted *solely* from Sims' negligence in supplying and maintaining defective equipment. And, of course, in such case, Charter's duty to indemnify would not arise. *Ga. Ports Authority v. Central of Ga. R. Co.,* 135 Ga. App. 859, supra.

For the above reasons, insofar as summary judgment was granted to Sims on the basis that the crane operator was Charter's "borrowed servant," it was erroneous.

3. Summary judgment should be granted only in those cases where indisputable, plain and palpable facts exist or which reasonable minds could not differ as to the conclusion to be reached. *Mason v. Armstrong,* 124 Ga.

App. 110 (183 SE2d 237) (1971). We conclude that this case is not of such tenor. As has been shown by our rather detailed analysis of the relevant aspects of the litigation between third-party plaintiff and third-party defendant, there remain genuine issues as to material fact which must be resolved by a jury. *Garrison v. Garmon,* 94 Ga. App. 868, 872 (1) (96 SE2d 550) (1957). Summary judgment was erroneously granted. See also *Peacock Const. Co. v. Montgomery Elevator Co.,* 121 Ga. App. 711 (175 SE2d 116) (1970).

*Judgment reversed. Banke, Acting P. J., and Underwood, J., concur.*

ARGUED APRIL 10, 1979 — DECIDED MAY 23, 1979.

*Fulcher, Hagler, Harper & Reed, Gould B. Hagler, David H. Hanks,* for appellant.

*Hull, Towill, Norman, Barrett & Johnson, Patrick J. Rice, David B. Bell, Stanley G. Jackson,* for appellees.