617 F.2d 144
 6 Fed. R. Evid. Serv. 12
 Anthony CHAMBLEY, Plaintiff.
N. C. Monroe Construction Co., Defendant and Third-Party
Plaintiff-Appellant,
v.
GEORGIA STEEL INC., Third-Party Defendant-Appellee.
N. C. MONROE CONSTRUCTION COMPANY, Defendant and Third-Party
Plaintiff-Appellant,
v.
GEORGIA STEEL, INC., Third-Party Defendant-Appellee.
 No. 79-3322
Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 May 16, 1980.
 
 Falligant, Kent & Toporek, Arthur Martin Kent, Savannah, Ga., for defendant and third party plaintiff-appellant.
 Freeman & Hawkins, J. Bruce Welch, Rosemary Lawlor, Atlanta, Ga., for third party defendant-appellee.
 Appeal from the United States District Court for the Middle District of Georgia.
 Before GODBOLD, REAVLEY and HATCHETT, Circuit Judges.
 GODBOLD, Circuit Judge.
 
 
 1
 The primary issue in this case is whether Georgia Steel, a subcontractor, must indemnify Monroe Construction, the general contractor, for money that Monroe paid in settlement to Chambley, an injured employee. Based upon the jury's answers to special interrogatories, the district court entered judgment in favor of Georgia Steel. The only question raised in Monroe's appeal is whether the district court erred in admitting testimony about telephone conversations between Monroe and Georgia Steel that occurred before they entered into their written contract.
 
 
 2
 Under the terms of the contract as interpreted in accordance with Georgia law, Georgia Steel has a duty to indemnify Monroe if Georgia Steel's negligence contributed in any way to the accident that injured Chambley. See Charter Builders, Inc. v. Sims Crane Service, Inc., 150 Ga.App. 100, 256 S.E.2d 678 (1979); Georgia Ports Authority v. Central of Georgia Ry., 135 Ga.App. 859, 219 S.E.2d 467 (1975). The first step in determining whether Georgia Steel was negligent was to ascertain the scope of its duty. This could be done by looking to its contract with Monroe to see which party was required to provide personnel who knew how to assemble the crane which broke here. See Benson Paint Co. v. Williams Construction Co., 128 Ga.App. 47, 195 S.E.2d 671 (1973). The contract on its face is ambiguous on this point, referring both to Georgia Steel's duty to supervise and to Monroe's power to direct. As a result, it was proper to admit the testimony regarding the prior telephone conversations over Monroe's objections. See Ga. Code Ann. §§ 20-704(1), 38-502.
 
 
 3
 In instructing the jury, the district judge pointed out that this was a negligence case, not a breach of contract case, and that the jury should consider the telephone conversations as part of the overall circumstances to be considered on the issue of negligence. This was somewhat cryptic and arguably compressed too much the analysis the jury was required to make, but Monroe did not object to these instructions, and they did not amount to plain error. Fed.R.Evid. 103(d).
 
 
 4
 The judgment is AFFIRMED.
 
 
 
 *
 Fed.R.App.P. 34(a); 5th Cir. R. 18