## 59645. ARTHUR PEW CONSTRUCTION COMPANY, INC. v. BRYAN CONSTRUCTION COMPANY, INC. et al.

SMITH, Judge.

Appellant general contractor was named as defendant in a wrongful death action. Appellant (hereinafter "Pew") then brought a third-party complaint against appellee subcontractor (hereinafter "Bryan") asserting a contractual right of indemnity against Bryan for the claim filed against Pew. In the previous appearance of this case, this court held that the language of the subject indemnity clause was sufficient to require Bryan to indemnify Pew. *Arthur Pew Const. Co. v. Bryan Const. Co.,* 148 Ga. App. 114 (251 SE2d 105) (1978). The issue raised by this appeal is whether the contract requires Bryan to completely indemnify Pew for a wrongful death claim arising from the parties' concurrent negligence. The trial court granted Bryan's motion for summary judgment, finding that if a "[jury] finds that the concurrent negligence of both Bryan and Pew proximately caused injuries to Plaintiff, and if the [j]ury awards the Plaintiff damages for such injuries, the total damage award shall be assessed against Bryan and Pew on a comparative negligence basis; that is, based upon the percentage that the negligence of each caused or contributed to the damages." We reverse.

The pertinent portions of the indemnification clause are as follows: "[Bryan] shall agree to hold [Pew], its officers, agents, and employees harmless from any and all claims made against [Pew], its officers, agents, and employees, which arise out of the action or

omission of [Bryan] . . . and any and all claims which result from any condition created or maintained by [Bryan], which condition was not specified to be created or maintained by the contract."

"It is clear that enforcement of indemnity provisions such as the one here in question turns on the issue of negligence, for the only limitation on the indemnitor's liability is where the loss or injury results from the sole negligence of the indemnitee, see generally *Ga. Ports Authority v. Central of Ga. R. Co.,* 135 Ga. App. 859, 864 (219 SE2d 467) (1975); or, in other words, if the loss or injury is attributable, even partly, to the negligence of the indemnitor, the obligation to indemnify arises. See generally *Benson Paint Co. v. Williams Const. Co.,* 128 Ga. App. 47, 50 (195 SE2d 671) (1973)." *Charter Bldrs., Inc. v. Sims Crane Service, Inc.,* 150 Ga. App. 100, 101 (256 SE2d 678) (1979); *Ga. State Tel. Co. v. Scarboro,* 148 Ga. App. 390 (2) (251 SE2d 309) (1978); *Binswanger Glass Co. v. Beers Const. Co.,* 141 Ga. App. 715 (3, 4) (234 SE2d 363) (1977). Accordingly, the order of the trial court is reversed.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

ARGUED APRIL 15, 1980 — DECIDED NOVEMBER 26, 1980 — REHEARING DENIED DECEMBER 10, 1980 —

Stevan A. Miller, W. Wray Eckl, for appellant.

K. Morgan Varner, Thomas J. Wingfield, George Hart, Richard Goodman, William O. Green, Jr., Larry K. Butler, for appellees.