## 62917. CLEMENTS et al. v. WELLS.

SHULMAN, Presiding Judge.

In the course of her employment as manager of a cafeteria kitchen, Mrs. Clements fell over a box delivered by an agent of appellee. She was severely injured and she and her husband brought suit, alleging that her injuries were due to the negligence of appellee's agent. This appeal is from a summary judgment granted to appellee.

The ground on which judgment was entered was that Mrs. Clements, as a matter of law, failed to exercise ordinary care for her own safety, thereby barring any recovery against appellee. The evidence on which that conclusion was based was that Mrs. Clements admitted that she tripped over a box while carrying a large sheet pan which obscured her vision of her path. In addition, the trial court noted, Mrs. Clements admitted that she assumed that the way was clear and therefore did not check her intended path for obstructions

before setting out with her vision of the floor obscured. While those admissions certainly raise questions concerning the degree of care for her own safety exercised by Mrs. Clements, we cannot agree that, in the context of the whole record, judgment for appellee was demanded.

" 'Unless no other conclusion is permissible, questions of negligence are matters for jury resolution and are not ordinarily susceptible to summary adjudication. [Cit.]' " *Charter Builders, Inc. v. Sims Crane Service, Inc.,* 150 Ga. App. 100, 102 (1) (256 SE2d 678). Other evidence in the present case would support an inference that Mrs. Clements was entitled to assume that the aisle down which she was walking was clear. It could also be inferred that an agent of appellee, in direct contravention of instructions, placed the box over which Mrs. Clements tripped in a dangerous place. In short, the conclusion that Mrs. Clements' injuries were due to her own lack of care is not the only conclusion permissible from the evidence.

Furthermore, this case involves unresolved questions of foreseeability. Whether the person who delivered the box over which appellant tripped should have foreseen such a result from the placement of the box and whether appellant should have foreseen that walking with her vision obscured would cause injury to her are questions which remain for jury resolution.

" 'Issues of negligence, including the related issues of assumption of the risk, lack of ordinary care for one's own safety, lack of ordinary care in avoiding the consequences of another's negligence and comparative negligence, are ordinarily not susceptible of summary adjudication whether for or against the plaintiff or the defendant, but must be resolved by a trial in the ordinary manner.' [Cit.]" *Malin v. Jaggers,* 134 Ga. App. 806 (216 SE2d 666).

The grant of summary judgment to appellee was error.

*Judgment reversed. Birdsong and Sognier, JJ., concur in the judgment only.*

DECIDED FEBRUARY 17, 1982.

*John T. McKnight,* for appellants.
*Hubert Howard, Kenneth R. Carswell,* for appellee.