*T. B. Rainey,* for plaintiff in error. *John C. Butt,* contra.

---

## 11088.  WESTBROOK *v.* GRIFFIN.

LUKE, J.  Where only a part of a contract is reduced to writing and it does not purport to contain all the stipulations of the contract, parol evidence would be admissible to prove other parts of the contract or to fill blanks in the writing not inconsistent with the writing itself. See Civil Code (1910), § 5791; *Forsyth Manufacturing Co.* v. *Castlen*, 112 *Ga.* 211 (37 S. E. 485, 81 Am. St. R. 28); *Bond* v. *Perrin*, 145 *Ga.* 208 (88 S. E. 954). The petition in this case, being a suit upon a contract partly in writing and partly in parol, and the parol part not being inconsistent with the writing, set forth a cause of action, and was not subject to the general demurrer which was sustained by the court.

> *Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*
> DECIDED MARCH 2, 1920.

Complaint; from city court of Americus—Judge Harper. October 22, 1919.

The suit was for a sum alleged to be due as a commission on the sale of certain land. The writing referred to in the decision was

as follows: "Americus, Ga., March 24, 1917. I hereby agree to place with P. B. Williford and T. B. Westbrook, and make them sole agents for a term of six months, the following property for sale, and if the same is sold by them, directly or indirectly, or by myself, I agree to pay them a commission of 5%, provided sale is made by Sept. 1st, 1917. Schedule of farm property: 643 acres at $20.00 per acre, in 26th district Sumter county, Ga. Lot No. —— acres in cultivation, —— acres in woods. Signed: F. W. Griffin." The petition alleges, that the defendant, F. W. Griffin, is indebted to the plaintiff, T. B. Westbrook, in the sum of $646, by reason of the following facts: On May (?) 24, 1917, the defendant employed the plaintiff and P. B. Williford, who were then engaged in the business of real-estate brokers, to sell for the defendant certain lands of the defendant, being 643 acres known as "the Griffin place," situated in the 26th district of Sumter county, Georgia, composed in part of lots of land Number 171, 172, and 173, agreeing with the plaintiff and said Williford, in consideration of their engaging to sell said land, if said land should be sold by them, directly or indirectly, or by the defendant, he was to pay them a commission of 5%, provided the sale should be made on or before September 1st, 1917; the price at which the plaintiff and Williford were authorized to sell said land was $20 per acre, and they should have the sole right of selling the land during the term of six months from the date of the employment. The plaintiff and Williford accepted said employment on the terms made, and undertook to sell said land under the terms indicated. Among those to whom they undertook to sell the land was J. E. D. Shipp. The defendant, in June, 1917, while the said contract and agreement was in force, sold the said land to said Shipp at a price less than $20 per acre; the exact amount the plaintiff is not advised of. The sale has been consummated and possession of the land has been delivered to the said Shipp. After this sale the plaintiff and Williford made a demand on the defendant for the commissions due under the terms of said employment, the defendant having sold the land to their customer; but the defendant declined to make a settlement with them. The said Williford, on June 21, 1917, assigned in writing his rights to the commissions under the said contract of employment to the plaintiff, and by reason of said assignment the plaintiff is entitled to recover of-the defendant

the said sum of $646. A memorandum of said contract of employment was reduced to writing, though not intended to speak the whole contract. A copy of said memorandum is attached to the petition. On the paper here referred to is an assignment as follows: "For value received, I hereby transfer to T. B. Westbrook any and all rights I may have under and by virtue of this contract, and he is hereby authorized to collect all commissions due thereon. June 21st, 1917. P. B. Williford."

The demurrer was on the following grounds: (1) The petition does not clearly, fully, and distinctly set forth a cause of action. (2) The plaintiff states that there was an oral contract, and attaches to the petition a written contract; hence he can not recover on the oral contract set forth. (3) The plaintiff sues on an oral contract and sets out what he calls a memorandum of a contract in writing with P. B. Williford and T. B. Westbrook, and it is this memorandum that is alleged to have been transferred by Williford to Westbrook; therefore the plaintiff fails to show any right to recover on the contract sued on in his own name. (4) There is a misjoinder of parties plaintiff, it being alleged in the petition that the contract was made with Williford and Westbrook, and no legal assignment of the contract being set out. (5) There is no sufficient description of the property, and the contract is therefore void. (6) Paragraph 2 (which states the contract) is demurred to on the ground that the description therein set out is too indefinite and vague to be the basis of a recovery. (7) The allegation as to the sale to Shipp is demurred to, and it is asked that the exact date of the sale be set out. The court adjudged that "said demurrer" be sustained and the case be dismissed.

*Maynard & Williams*, for plaintiff. *Wallis & Fort*, for defendant.