### 11304, 11305.   SELPH & DANIELS *v.* WILLIAMS; and *vice versa.*

STEPHENS, J. 1. A real-estate brokerage contract which provides that the agent may sell, or through his influence may sell, certain real estate for the owner is not breached by the agent by procuring another real estate

dealer to obtain a purchaser. It being within the contemplation of the contracting parties that the agent will not necessarily be required to personally perform his duties under the contract, but that he may through his influence procure the performance of such duties through the instrumentality of some other person, such performance by a third person is not subject to the objection that the agent has delegated his authority. *Springfield Fire Ins. Co.* v. *Price*, 132 *Ga.* 687 (64 S. E. 1074).

2. A contract which provides that the agent may sell the property at a certain stipulated amount, as $50 per acre, does not necessarily repose any personal trust or special confidence in the skill, discretion, or judgment of the agent, and the agent may, without committing a breach of the contract, perform his duties under it by procuring the services of another, who, acting for the agent, obtains a purchaser under the terms of the contract. Civil Code (1910), § 3587; *McCroskey* v. *Hamilton*, 108 *Ga.* 640 (34 S. E. 111, 75 Am St. Rep. 79).

3. The contract does not contain terms that are contradictory where it provides that an agent is employed by the owner to sell certain real estate, consisting of a certain number of acres, at a certain price per acre, to net the owner a certain price per acre, and to retain, as a commission for his services in selling the property, the difference between the selling price and the net price to the owner, and also where it provides that the agent may sell, or, through his influence, in procuring the services of another, cause to be sold such described property and retain as a commission for his services all of the purchase price above a certain amount.

4. Where in such a contract the amount at which the agent is to sell the property is left blank, the amount may be proved by extrinsic evidence, under a proper allegation in the petition as to the amount. *Georgia Railroad & Banking Co.* v. *Reid*, 91 *Ga.* 377 (17 S. E. 934).

5. In a suit by the agent against the owner on such a contract, the petition, which contains two counts, one count alleging such a contract as is set out above in paragraph 1 of the syllabus, and the other count alleging a contract as set out in paragraph 2 of the syllabus, is not subject to any of the special or general grounds of the demurrers interposed. The plaintiff is therefore entitled to recover the larger amount sued for, if he can prove the contract declared upon.

6. The contract, as it appears copied and set out in the petition, contains no evidence of any physical characteristics (such as being partly printed and partly in writing) as might aid in its construction or show the invalidity of any of its clauses, and such question cannot be raised on demurrer. Such facts if they exist must be established by proof.

7. On demurrer to the petition the first count was improperly stricken, and the other count was properly allowed to stand.

8. The petition otherwise sets out a cause of action.

*Judgment reversed on the main bill of exceptions; judgment affirmed on the cross-bill of exceptions. Jenkins, P. J., and Hill, J., concur.*

DECIDED FEBRUARY 26, 1921.

22

Complaint; from city court of Thomasville — Judge W. H. Hammond. January 9, 1920.

*Titus & Dekle,* for plaintiff.

*H. J. MacIntyre, Branch & Snow,* for defendants.