## 15291. CALHOUN *v.* TEXLA OIL COMPANY.

Under the facts of this case it was no defense that the contract for the purchase of shares of stock was blank as to the number of shares.

The court did not err in overruling the demurrer to the petition as amended, or in directing a verdict for the plaintiff.

DECIDED OCTOBER 9, 1924.

Complaint; from city court of Atlanta—Judge Reid. November 16, 1923.

Application for certiorari was denied by the Supreme Court.

By amendment the petition alleged: (1) The consideration for which defendant promised to pay plaintiff, according to the terms of the note sued on, was the purchase of 250 shares of common capital stock of the Texla Oil Company of the par value of $10 each, fully paid and not assessable. The contract was taken on a printed blank, which was to have been filled out. By omission the blank which should have designated the number of shares was not filled out. (2) It was verbally understood, at the time, that the defendant, on his payment of the amount specified, should receive stock at the price of its par value, namely $10 per share, and that said contract should have designated 250 shares. Plaintiff, through its agent, had authority to fill in the words "two hundred and fifty," but omitted to do so. (3) The consideration of the said promise to pay was the subscription to the original minimum capital stock, which, according to law, must be paid in the full amount of the par value of the stock,—that is, the original stock must be fully paid for; and this was contemplated by both parties

to said contract; and plaintiff pleads the fact that it was presumed by both plaintiff and defendant that the law with respect to paying for the stock fully and in accordance with the par value would be complied with.

The defendant demurred on the ground that no cause of action was set out, and by special demurrer contended that the first paragraph above was an effort to add to "a plain and unambiguous writing;" that this paragraph was insufficient also because it was not alleged when or why the blank space should have been filled out, or whose omission was complained of; that the second paragraph was insufficient because it failed to show between whom there was a verbal understanding, or why the contract should have designated 250 shares; and because it was not shown why the omission of the agent bound the defendant; that the third paragraph set forth a separate and distinct cause of action, that it set forth conclusions of the pleader, without facts to show what the original minimum capital stock was, or its par value, and that it was an attempt to vary a plain and unambiguous writing.

In his plea the defendant contended that the city court of Atlanta was without jurisdiction of the cause; that only a court of equitable jurisdiction could lawfully pass upon the issues.

On the trial the only evidence introduced, except the contract sued upon, was the testimony of the defendant. In his testimony he said: "The consideration for which I paid this money was shares of common and capital stock of the Texla Oil Company. I did not understand I was to get anything except a certain number of shares representing payment. . . I did not know how many shares I was to get; . . there was never anything discussed between me and Mr. Chambers as to how many shares, or what the par value of those shares was. I simply made subscription of so many dollars and cents. Mr. Chambers at that time was treasurer and secretary of the Texla Oil Company. . . He filled that out. . . I thought I was getting par value when I signed that; there was no premium attached; there was no discount. It was my understanding I was getting stock at par value, but I did not know until yesterday whether I was getting 25 shares or 250 shares. . . I knew that I was buying $2500 worth of stock and would get $2500 worth of stock according to the par value. . . I think this subscription was taken in open stockholders' meeting. . . It

was signed at Mr. Chambers' instance. . . I gave him a check for $833.33, the amount written on that paper. . . There was nothing said at that time about the amount of stock that I was to get, or the sale price of the stock. . . I did not get any stock at this time, when I signed that paper. I have not gotten any since, under that contract, . . and they never offered any, and I don't know whether I have ever asked for the stock, for which I have already paid. . . I was not an officer in the company, I was a director. . . About intending for the figures or words 250 to be inserted in the complaint [contract?], I did not intend for anything to go in there. I did not think anything about it at all; . . it was not discussed one way or the other. I did not give Chambers any authority to write it there. He did not ask for any. He did not tell me he intended to put it in there."

*Hewlett & Dennis,* for plaintiff in error, cited: 244 Pa. 139 (90 Atl. 532); 125 *Ga.* 200; 145 *Ga.* 550; Civil Code (1910), §§ 4577, 4578, 4579; 44 *Ga.* 39 (3); 125 *Ga.* 98 (1); 131 *Ga.* 699; 65 *Ga.* 356 (3), 360; 120 *Ga.* 51 (3); 126 *Ga.* 385; 76 *Ga.* 755 (1 a); 5 Elliott, Contr., §§ 2365, 2366, 2370; 9 *Ga. App.* 123 (1); 114 *Ga.* 166; cases cited below distinguished; also 25 *Ga.* 383; 27 *Ga.* 54.

*Walter S. Dillon, C. M. Lancaster,* contra, cited: 24 *Ga. App.* 808-9; 112 *Ga.* 210-12 (6, 7); 28 *Ga. App.* 688; 95 *Ga.* 652 (1); 91 *Ga.* 377 (2); 8 *Ga. App.* 577; 10 *Ga. App.* 350; 22 *Ga. App.* 210; 8 *Ga. App.* 727-8; 15 *Ga. App.* 63; 123 *Ga.* 201 (5); 9 *Ga. App.* 580.

LUKE, J. Texla Oil Company sued Calhoun for a balance due of $1666.66 upon the following contract: "I hereby purchase . . . . . . . . . . . . shares of the common capital stock of the Texla Oil Company of the par value of $10.00 each, fully paid and non-assessable, for which I promise to pay the said Texla Oil Company, or order, twenty-five hundred & 00/100 dollars. I enclose herewith $833.33 as one-third payment, and I promise to pay the balance, if any, in two equal installments, one and two months after date. This contract includes the entire agreement between the parties. As witness my hand and seal, this 21st day of May 1920. [Signed] Andrew Calhoun (L. S.)" The plaintiff alleged that the consideration of the contract was the purchase of 250 shares of its capital stock, and that where the contract was silent as to the

number of shares, it was so by reason of a clerical oversight; that the promise to pay and the number of shares of stock sold were definite and positive. The defendant demurred generally and specially. The court overruled the demurrer.

The court properly overruled the demurrer; and since the evidence demanded a verdict for the plaintiff, the trial judge did not err in directing the jury so to find.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*