28008. SEABOARD COAST LINE RAILROAD COMPANY v. CARTER et al.

JORDAN, Justice. This case was here before. *Seaboard C. L. R. Co. v. Carter,* 226 Ga. 825 (177 SE2d 683). On a second trial the plaintiff railroad moved for a directed verdict which the trial judge overruled, and the jury being unable to agree on a verdict, he declared a mistrial. The present appeal is from the overruling of the plaintiff's motion for a judgment notwithstanding a mistrial. Error is asserted on the refusal to direct a verdict for the plaintiff and on the refusal to grant judgment for the plaintiff notwithstanding the mistrial. *Held:*

The opinion of this court in the first appeal, supra, recognized that from the evidence adduced at that trial the plaintiff railroad had record title to a right-of-way extending 100 feet from the center line of its track on each side, and that the defendants had no color of title to any land claimed by the railroad. The transcript of evidence of the second trial discloses no evidence to the contrary in support of a claim or defense of adverse possession based on color of title. Written evidence of title is essential in respect to a claim or defense based on adverse possession for seven years under Code § 85-407.

There is also no evidence to support a claim or defense based on actual adverse possession for 20 years to give good title to either of the defendants as provided under Code § 85-406.

If the case is treated as one in the nature of processioning for application of the provisions of Code § 85-1602, where "acquiescence for seven years, by acts or declarations of adjoining landowners, shall establish a dividing line," the testimony of the defendant Carter who acquired the land adjoining the right-of-way in 1957, and who deeded a part of it to the corporate defendant in 1961, considered with the declaration of his predecessor in title, negates any claim by acquiescence or agreement.

Carter admitted on cross examination that he was informed at

least within 30 or 60 days after he acquired the land that the railroad had a 200 foot right-of-way, and his predecessor had acknowledged a 200 foot right-of-way. There is other evidence substantiating the fact of no acquiescence or agreement by the plaintiff thereafter until the plaintiff commenced its action in 1965.

See, in connection with the above, *Bradley v. Shelton,* 189 Ga. 696 (7 SE2d 261); *Robertson v. Abernathy,* 192 Ga. 694 (16 SE2d 584); *Horn v. Preston,* 217 Ga. 165 (121 SE2d 775).

There being no evidence to create an issue of fact for jury determination in support of any claim or defense of adverse possession by either of the defendants, the trial judge erred in refusing to direct a verdict for the plaintiff or to grant judgment for the plaintiff notwithstanding a mistrial.

*Judgment reversed. All the Justices concur.*

ARGUED JUNE 11, 1973 — DECIDED SEPTEMBER 6, 1973.

*H. J. Quincey, Jay, Garden & Sherrell, Robert E. Sherrell,* for appellant.