## 29298. PREFERRED RISK MUTUAL INSURANCE COMPANY v. JONES.

PER CURIAM.

Appellant brought this action to enforce a covenant not to compete ancillary to an employment contract.

In September, 1972, appellee Jimmy Donald Jones accepted employment as an insurance agent with appellant Preferred Risk Mutual Insurance Company. The contract of employment provided that appellee would not engage in the business of selling fire or casualty insurance and would not accept any fire or casualty insurance business from any of appellant's policyholders "within 25 miles of the city limits of the city in which the Company office to which he is assigned under this contract is located, for a period of one year following the termination of this contract." The written contract, however, did not specify the city to which appellee was assigned, a paragraph for that purpose having been left

blank. That paragraph appears in the contract as follows: "The territory assigned, but not exclusively assigned, to the Agent is ————."

Appellant filed this action in the Superior Court of Carroll County alleging that the appellee was assigned to appellant's Carrollton, Georgia, office; that his contract of employment terminated on April 15, 1974; and that he is presently engaged in the business of selling fire and casualty insurance in the City of Villa Rica, Georgia, within the territorial limitation expressed in the contract. The complaint asked for damages and for temporary and permanent injunctions against appellee's breach of the covenant not to compete. Appellee's answer denied that he had been assigned to any specific territory under the contract and asserted that he had been told that he could write insurance policies anywhere in Georgia. Appellee filed a motion to dismiss for failure to state a claim upon which relief can be granted. After a hearing, the trial court granted appellee's motion and dismissed the complaint insofar as it asked for injunctive relief. Appellant appeals from the order of dismissal.

1. Appellant's amended complaint incorporates by reference the contract of employment which by its terms prohibits competition on the part of appellee for a period of one year within a 25-mile radius of the city to which he is assigned. Although the provision in the contract for the assignment designation was left blank, appellant's amended complaint alleges that appellee was in fact assigned to the City of Carrollton. The threshold question in this case is whether appellant is entitled to show by the introduction of parol evidence that appellee was in fact assigned to Carrollton.

The general rule is that parol evidence is inadmissible to add to, take from, vary or contradict the terms of a written instrument. Code §§ 38-501, 20-704 (1). However, "if there is an ambiguity, latent or patent, it may be explained; so if a part of a contract only is reduced to writing (such as a note given in pursuance of a contract), and it is manifest that the writing was not intended to speak the whole contract, then parol evidence is admissible." Code § 20-704 (1). If the writing appears on its face to be an incomplete contract and if the parol

evidence offered is consistent with and not contradictory of the terms of the written instrument, then the parol evidence is admissible to complete the agreement between the parties. *Forsyth Mfg. Co. v. Castlin,* 112 Ga. 199 (6) (37 SE 485, 81 ASR 28). A party is entitled to prove "the existence of any separate oral agreement as to any matter on which a document is silent, and which is not inconsistent with its terms, if from the circumstances of the case the court infers that the parties did not intend the document to be a complete and final statement of the whole of the transactions between them." *Forsyth Mfg. Co. v. Castlin,* supra, p. 211. See also *Harden v. Orr,* 219 Ga. 54 (131 SE2d 545); *Thomas v. Eason,* 208 Ga. 822 (2) (69 SE2d 729); *McCann v. Glynn Lumber Co.,* 199 Ga. 669 (34 SE2d 839); *Bowen v. Swift & Co.,* 52 Ga. App. 793 (184 SE 625).

Parol evidence not inconsistent with the written instrument itself has been held admissible to fill in blanks to supplement or explain the instrument which would otherwise be rendered incomplete, uncertain and ambiguous. See *Georgia R. & Bkg. Co. v. Reid,* 91 Ga. 377 (2) (17 SE 934); *Calhoun v. Texla Oil Co.,* 32 Ga. App. 784 (124 SE 806); *Selph v. Williams,* 26 Ga. App. 336 (4) (106 SE 206); *Westbrook v. Griffin,* 24 Ga. App. 808 (102 SE 453). In the present case appellee agreed in the written contract to abide by the terms of the covenant not to compete. The written covenant indicates that the parties contemplated that appellee would be assigned to a specific city or territory during the course of his employment with appellant. The blank that was left in the contract for the city or territory designation raised an ambiguity on the face of the contract as to which city or territory appellant was assigned and as to whether the territorial designation was omitted inadvertently or omitted deliberately to show a failure to agree as to the designation. Cf. Crisp County, Georgia v. S. J. Groves & Sons Co., 73 F2d 327, 329 (5th Cir. 1934). Accordingly, parol evidence would be admissible to prove the city or territory, if any, to which appellee was assigned.

Nothing in the case of *Colonial Life &c. Ins. Co. v. Byrd,* 227 Ga. 198 (179 SE2d 746) requires a different result. In that case the restrictive covenant contained in

the written contract purported to prohibit the defendant employee from soliciting policyholders of the plaintiff insurance company in "the territory covered by this agreement." However, the written contract contained no provision setting out the "territory covered," and for this reason this court held the covenant void. The covenant in question in the *Byrd* case, however, shows that any description of the territory involved, if any such description was intended by the parties, was to be covered "by this agreement," that is, by the written instrument itself.

2. Covenants not to compete ancillary to employment contracts must be scrutinized in terms of the public policy generally disfavoring such contracts as restraints on trade and competition. Code Ann. §§ 2-2701, 20-504. This court has stated that such contracts "are considered in partial restraint of trade and are to be tolerated only if strictly limited in time and territorial effect and are otherwise reasonable considering the business interest of the employer sought to be protected and the effect on the employee." *Purcell v. Joyner,* 231 Ga. 85 (2) (200 SE2d 363). Accord *Federated Mutual Ins. Co. v. Whitaker,* 232 Ga. 811 (209 SE2d 161). See also *Orkin Exterminating Co. v. Dewberry,* 204 Ga. 794 (51 SE2d 669);*Rakestraw v. Lanier,* 104 Ga. 188 (30 SE 735, 69 ASR 154). Whether the restraints imposed by the contract are reasonable is a question of law for determination by the court, and the "court will consider the nature and extent of the trade or business, the situation of the parties, and all other circumstances." *Orkin Exterminating Co. v. Dewberry,* supra, p. 803. See also *Hood v. Legg,* 160 Ga. 620 (128 SE 891); *Rakestraw v. Lanier,* supra.

This case being before this court on a motion to dismiss for failure to state a claim, the complaint must be construed in the light most favorable to the appellant, and we cannot affirm the trial court's grant of the motion unless the allegations of the complaint disclose with certainty that appellant would not be entitled to relief under any state of provable facts. *Stith v. Hudson,* 231 Ga. 520 (202 SE2d 392); *Tri-City Sanitation, Inc. v. Action Sanitation Services, Inc.* 227 Ga. 489 (181 SE2d 377). We cannot say that the covenant in question is unreasonable

as a matter of law, there being no facts or circumstances present in the record upon which such a conclusion could be based.

*Judgment reversed. All the Justices concur. Hill, J., not participating.*

SUBMITTED OCTOBER 11, 1974 — DECIDED JANUARY 7, 1975.

*Tisinger & Tisinger, David H. Tisinger,* for appellant.

*C. C. Perkins,* for appellee.