## 53925. JOHNSON v. FORD MOTOR CREDIT COMPANY et al.

SHULMAN, Judge.

Appellant brought this action seeking damages arising out of her purchase of an automobile from appellee Beaudry Ford, Inc. She alleged that Beaudry, in order to induce her to purchase a car, contracted with her, through an agent, to procure collision insurance on the new car, but failed to do so. Beaudry denied it had made such a contract and moved for summary judgment. This appeal is from the order granting that motion.

In support of the grant of summary judgment, appellee depends heavily on its written contract with appellant. In one section of that contract, entitled "Optional Insurance," appellant chose credit insurance

and rejected physical damage coverage. That the choice was hers is clear from the language of the contract and from the fact that the insurance section of the contract was signed by appellant. Another part of the contract contains a merger clause: "This contract constitutes the entire agreement between the parties. . ." There being no allegations in this case that appellant lacked capacity to enter into contracts, this court will not ignore the clear language of a written contract between the parties to enforce an alleged oral contract in contradiction thereto. Code Ann. § 38-501. See *Worth v. Orkin,* 142 Ga. App. 59. Beaudry was entitled to judgment as a matter of law.

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

ARGUED MAY 10, 1977 — DECIDED JUNE 13, 1977.

*James W. Lewis,* for appellant.
*Levine, D'Alessio & Cohn, Morton P. Levine, Gambrell, Russell, Killorin & Forbes, Michael V. Elsberry, Sewell K. Loggins,* for appellees.