## 57291. PIPPIN v. BRYAN.

WEBB, Presiding Judge.

The question before us is whether Robson, who trespassed on plaintiff Bryan's property while clearing defendant Pippin's land, was an independent contractor on the one hand, or a servant of Pippin on the other so as to render the latter liable for the trespass. We hold that the evidence demands a finding that he was an independent contractor, and consequently we reverse the denial of Pippin's motion for directed verdict on this issue.

The record shows without substantial dispute that Pippin was not in the land-clearing business but was having his own land cleared; that he was to pay Robson a lump sum calculated at the rate of $125 per acre for each acre cleared; that the profits or losses belonged solely to Robson; that he furnished his own equipment and tools; that Pippin did not share in any of the expenses for supplies or repairs; that the employees worked solely for Robson, who had the sole right to hire and fire; that Pippin did not pay any of Robson's employees; and that Pippin never assumed to tell Robson's employees how to operate the equipment.

Clearly, under these facts, Robson was an independent contractor with respect to Pippin. See, e.g., the traditional test stated in *Savannah Elec. &c. Co. v. Edenfield,* 118 Ga. App. 531 (164 SE2d 366) (1968), and the ten factors listed in *Moss v. Central of. Ga. R. Co.,* 135 Ga. App. 904, 906 (219 SE2d 593) (1975). While Bryan points to the provisions in the contract that "we have agreed that these machines will run 5-6 days per week, 10 hours per day as this project is in need of being finished just as soon as possible," these specifications do not require a different result any more than those in *Farmers Mut. Exchange v. Sisk,* 131 Ga. App. 206, 208 (205 SE2d 438) (1974), that "it was the policy to unload the railroad cars within 48 hours to avoid demurrage charges."

While we thus conclude that it was error to allow this issue to go to the jury, we order a new trial pursuant to CPA § 50 (e) (Code Ann. § 81A-150 (e)) in view of Count 2 of the complaint bottomed upon Pippin's own alleged negligence in defining his boundaries.

*Judgment reversed. Banke and Underwood, JJ., concur.*

SUBMITTED FEBRUARY 6, 1979 — DECIDED MARCH 1, 1979.

*Eckhardt & Lee, William Eckhardt,* for appellant.
*Beauchamp & Hedrick, William H. Hedrick,* for appellee.