## 58548. MURRAY v. CLAYTON.

UNDERWOOD, Judge.

The appeal in this year's support proceeding was transferred here by the Supreme Court. The issue at trial was whether plaintiff, who was seeking year's support, was married by common law to deceased and was, therefore, his widow upon his death. Verdict and judgment answered this question in the affirmative, and we likewise affirm in this appeal by the administratrix.

1. In Enumeration 1 the administratrix contends that the court erroneously admitted into evidence, over her hearsay objection, a newspaper obituary listing plaintiff as the wife of the deceased. We find no error.

" 'The prohibition of the hearsay rule . . . does not apply to all words or utterances merely as such. If this fundamental principle is clearly realized, its application is a comparatively simple matter. The hearsay rule excludes extrajudicial utterances only when offered for a special purpose, namely, as assertions to evidence the truth of the matter asserted.' " *Fitzgerald v. State,* 10 Ga. App. 70, 75 (72 SE 541) (1911).

The information for the obituary was supplied to the newspaper by John Peeples of Peeples' Funeral Home, who testified that he was also responsible for the information on the death certificate showing that plaintiff was not his widow. Accordingly, it was not objectionable as hearsay but was admissible for impeachment purposes. *State Hwy. Dept. v. Raines,* 129 Ga. App. 123, 126 (3) (199 SE2d 96) (1973).

2. In remaining enumerations the administratrix contends that it was error for the court to admit, over objections that it constituted conclusions, testimony of two witnesses to the effect that deceased and plaintiff had represented themselves to the witnesses as man and wife. These enumerations are clearly without merit.

The statements objected to were not, in fact, conclusions of these witnesses, but rather were statements of the parties themselves as to their intention and their relationship with each other, matter which is normally admissible under general rules of evidence because "the presumption of personal knowledge is

strong, and the statement is more like a summary of many facts and the personal understanding of one's status vis a vis another, than a conclusion of law." *Salters v. Pugmire Lincoln-Mercury,* 124 Ga. App. 414, 416 (184 SE2d 56) (1971).

But in any event marriage may be shown "by such circumstances as the act of living together as man and wife, holding themselves out to the world as such, and repute in the vicinity and among neighbors and visitors that they are such, and indeed all such facts as usually accompany the marriage relation and indicate the factum of the marriage. The evidence in each case is for the jury . . ." *Clark v. Cassidy,* 62 Ga. 408, 411 (1879). "The fact of marriage is a matter of public interest, and general repute in the community is admissible upon such an issue." *Drawdy v. Hesters,* 130 Ga. 161, 162 (60 SE 451) (1907).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

Submitted September 26, 1979 — Decided October 11, 1979.

*William W. Keith, III,* for appellant.
*James M. Barnes,* for appellee.