61078. AMERICAN CYANAMID COMPANY v. RING et al.

DECIDED APRIL 9, 1981 —
REHEARING DENIED MAY 14, 1981 ■

*Gregory Odom, Walter C. Hartridge, M. Brice Ladson,* for appellant.
*Joseph B. Bergen, Willis J. Richardson, Jr., Charles L. Sparkman, Kenneth H. Cail, Aron G. Weiner,* for appellees.

DEEN, Presiding Judge.

1. Enumerations 2, 6, 10 and 11 complain of rulings of the trial court relating to the jury finding that the couple was married at the time of the husband's death. This is based on evidence supporting instructions of the trial judge relating to a common law marriage preceding the July 10 death and following a divorce entered between the parties on March 6, 1975, based on a petition filed by the husband, service of which was acknowledged by the wife on January 27, 1975. The couple had separated in November but were living in the same house by the end of the year. There is a considerable amount of testimony by neighbors and relatives that the couple held themselves out as being married in the months immediately prior to the husband's death and that the witnesses considered them married. A birthday card sent by the husband to the plaintiff during this period was styled "A Happy Loving Birthday For My Wife." The evidence of cohabitation and of ability to contract is undisputed; however, appellant contends that the plaintiff failed to prove a contract of marriage *in praesenti* as required by *Peacock v. Peacock,* 196 Ga. 441 (26 SE2d 608) (1943). In that case the parties had not

married, had not set a date for their marriage, had not held themselves out as being married, and, at best had merely agreed to be "engaged." Where common law marriage as such is relied on, it may be shown " 'by such circumstances as the act of living together as man and wife, holding themselves out to the world as such, and repute in the vicinity and among neighbors and visitors that they are such, and indeed all such facts as usually accompany the marriage relation and indicate the factum of the marriage. The evidence in each case is for the jury . . .' *Clark v. Cassidy,* 62 Ga. 408, 411 (1879)." *Murray v. Clayton,* 151 Ga. App. 720, 721 (261 SE2d 455) (1979). See also *Drawdy v. Hesters,* 130 Ga. 161, 162 (60 SE 451) (1907).

In the general demeanor of the couple and the fact that the deceased paid the family bills, as well as the particular act of the deceased in sending the birthday card to one denominated by him as his wife there is evidence which the jury could assess in deciding whether, following the divorce, the couple contracted to remarry. The testimony of the plaintiff does not require a contrary conclusion. She was obviously confused by the original divorce proceedings, which she did not understand, and she equally honestly considered herself to be and held herself out as the wife of the deceased. The only ground alleged in the divorce proceeding was that the marriage was irretrievably broken, a contention obviously disavowed by both parties. There is no scintilla of evidence to the contrary. *Brown v. Brown,* 234 Ga. 300 (215 SE2d 671) (1975) cited by the appellant, is in fact more applicable to the appellee's contentions. The conversation testified to the effect "that he had said they were just as much married as if they had a license, that a piece of paper didn't mean anything," was a statement much like that of the plaintiff's husband who assured her that after a couple divorced they could still live together as husband and wife. The verdict is not without supporting evidence. The instructions on the issue were without error. Cf. *Murray v. Clayton,* 151 Ga. App. 720 (2), supra. It was not error under the circumstances to state that the agreement "may be a general understanding between the parties, but it must be clear that the parties intended to be married," along with instructions that the contract must be in *praesenti.*

2. The evidence supports the verdict in this case finding no liability against the third-party defendant Stafford Enterprises, Inc. The jury was authorized to find that the deceased and two others, normally employees of Stafford, had on the day in question been borrowed by American Cyanamid for its own purposes. Further, the weighted time and materials contract under which Stafford agreed to indemnify American Cyanamid for damage during its work on the latter's property was dated September 20, 1974, and expired under its

own terms on June 30, 1975. A new contract was entered into between the parties, which, however, was not executed until July 15, 1975. Since Ring died on July 10, regardless of whose employee he was on that date, Stafford's indemnity was not in effect at the time of his death. This was properly returned as one of the special findings in the case. Enumerations 3, 4, 5, 9 and 12 are without merit.

3. Enumeration 7 refers to instructions which in substance state that the employer is not responsible for the torts of one exercising an independent business who is not subject to his immediate direction and control as stated in Code § 105-501, and the exceptions to the rule as stated in Code § 105-502. It is not contended that the rules of law stated were incorrect, and there is no effort to show in what manner they might have been harmful or prejudicial against the appellant. Further, the appellant's position that the evidence established that Ring was an employee of Stafford at the time is, as shown above, belied by other facts which were accepted by the jury as true. The giving of the charge was at most harmless error. " 'An instruction containing a correct legal principle, though inappropriate to the case, if not prejudicial to the contention of the losing party, affords no sufficient reason for granting a new trial.' " *Rolan v. Rittenhouse,* 107 Ga. App. 769 (3) (131 SE2d 112) (1963).

4. Enumeration 8 contends it was error to charge that when the owner of property is shown to have inspected the property for the purpose of discovering defects he is chargeable with the discovery of those defects which should have been uncovered in the exercise of ordinary care; that it is the province of the jury to determine whether such inspection would fulfill the property owner's duty owed to the injured party. Again, the charge was correct as a matter of law. There was some evidence that a named employee of the defendant did exercise supervision by periodic inspections over the project. "It is not error for the court to charge in reference to a certain state of facts if there is some evidence to show their existence, even though the great preponderance of the evidence tends to show that the supposed state of facts did not exist." *Hawkins v. State,* 80 Ga. App. 496 (2) (56 SE2d 315) (1949).

*Judgment affirmed. Banke, J., concurs. Carley, J., concurs in the judgment only.*