## 37704. AMERICAN CYANAMID COMPANY v. RING.

GREGORY, Justice.

On September 20, 1974 American Cyanamid and Stafford Enterprises, the third party defendant in this case, entered into a contract covering miscellaneous steel, carpenter and millwright work to be performed by Stafford on the premises of American Cyanamid. This contract included an indemnity clause whereby Stafford agreed to hold American Cyanamid harmless against "all claims, losses, demands [and] causes of action . . . resulting directly or indirectly from [Stafford's] performance . . . unless the damages or costs incident thereto [are the result of] the sole negligence of American Cyanamid." The contract expired by its own terms on June 30, 1975.

Sometime after July 1, 1975, American Cyanamid sent Stafford a printed contract "nearly identical" to the first for execution. The indemnity clause was unchanged. The first sentence of the contract reads "This contract entered into as of ————." Typed in was the date "July 1, 1975." The last sentence of the contract states: "In witness whereof, the parties hereto have executed this contract as of the day and year first above written." No date other than July 1, 1975 appears in the body of the contract.

There was a space at the bottom of the contract for the signature of each company's agent. Stafford's agent executed the contract. Just under the agent's signature in the same handwriting appears the date, July 15, 1975. American Cyanamid's agent did not date the contract when signing it.

Prior to the expiration of the first contract, two of Stafford's employees undertook some work on the premises of American Cyanamid. On July 10, 1975, Ring, one of these employees, fell from a scaffold and was instantly killed. His widow brought a negligence action against American Cyanamid. The latter brought in Stafford, as a third party defendant, under the indemnity clause of the July, 1975 contract which American Cyanamid maintained was in effect at the time of Ring's death.

Stafford, on the other hand, took the position at trial that by dating the contract "July 15, 1975" it intended to make the contract effective as of *that* date and did not intend to give the document retrospective effect July 1, 1975.

At trial, American Cyanamid moved for a directed verdict on the ground that, as a matter of law, the second contract was in effect on July 1, 1975, and, thus, the indemnity clause operated to relieve it of liability for Ring's death on July 10, 1975. The trial court denied the motion, determining that the two dates on the contract created an ambiguity which was appropriate for the jury to resolve. The jury returned a special verdict finding, inter alia, that Ring's death was not due to the sole negligence of American Cyanamid and that there was no contract in effect between Stafford and American Cyanamid on July 10, 1975. Judgment was entered against American Cyanamid.

The Court of Appeals affirmed, finding that "the weighted time and materials contract under which Stafford agreed to indemnify American Cyanamid for damage during its work on the latter's property was dated September 20, 1974, and expired under its own terms on June 30, 1975. A new contract was entered into between the parties, which, however, was not executed until July 15, 1975. Since Ring died on July 10 . . . Stafford's indemnity was not in effect at the time of his death." *American Cyanamid Co. v. Ring,* 158 Ga. App. 525, 527-8 (281 SE2d 247) (1981).

We granted certiorari to determine whether the Court of Appeals was correct in determining that the indemnity agreement contained in the second contract was not in effect at the time of Ring's death.

It is clear, and Stafford concedes, that the only ambiguity in the July, 1975 contract lies in having both the date July 1, 1975 and the date July 15, 1975 on the document. While, generally, an ambiguity in a contract may be explained by parol evidence, "parol evidence is inadmissible to add to, take from or vary a written contract." Code Ann. § 20-704 (1); Code Ann. §§ 38-501 and 38-502. Where the contract is complete on its face and the evidence offered to explain the ambiguity contradicts the terms of the written instrument, it should not be admitted. See generally, *Preferred Risk Mut. Ins. Co. v. Jones,* 233 Ga. 423 (211 SE2d 720) (1975); Corbin, Contracts, Vol. 3, § 573 (1960).

In this case the evidence offered to explain the ambiguity (that Stafford intended the contract to be effective July 15, 1975) expressly contradicted the clear language of the contract stating that the contract was effective "as of July 1, 1975." As such it should not have been admitted by the trial court. " '[E]ven ambiguous contracts may be construed by the courts, and a jury question is presented only when the application of the rules of construction fails to resolve the ambiguity.' " *Andrews v. Skinner,* 158 Ga. App. 229, 230 (279 SE2d 523) (1981). See also, Calamari and Perillo, Contracts, § 49, p. 96.

Contrary to the implication of the Court of Appeals' opinion, the effective date of a contract is not the date of execution where the contract expressly states that its terms are to take effect at an earlier date. "It is elemental that contracting parties may agree to give retroactive effect . . . to their contracts as they may see fit." *Goldstein v. Ipswich Hosiery Co.,* 104 Ga. App. 500, 506 (122 SE2d 339) (1961). And, "[i]t is fundamental that where parties to an agreement expressly provide that a written contract be entered into 'as of' an earlier date than that on which it was executed, the agreement is effective retroactively 'as of' the earlier date and the parties are bound thereby . . ." Matthews v. Jeremiah Burns, Inc., 129 NYS2d 841, 847 (1954). Accord, Viacom International, Inc. v. Tandem Productions, 368 FSupp. 1264 (S.D.N.Y. 1974); DuFrene v. Kaiser Steel Corp., 41 Cal. Reptr. 834 (231 CA2d 452) (1964); East Central Oklahoma Electric Cooperative Inc. v. Oklahoma Gas &c. Co., 505 P2d 1324 (S. Ct. Oklahoma) (1973). See also, Mutual Life Ins. Co. of N. Y. v. Hurni Packing Co., 263 U. S. 167 (44 SC 90, 68 LE 235) (1923); 17A CJS, Contracts, § 359, p. 361; 17 AmJur2d, Contracts, § 69, p. 408. Examining the contract between American Cyanamid and Stafford on its face, we conclude, from the position of the date "July 15, 1975" at the bottom of the contract and from the clear language of the contract stating it was effective "as of July 1, 1975," that Stafford's agent intended for July 15, 1975 to be a notation of the date of execution rather than the effective date of the contract. Therefore, we hold the Court of Appeals erred in finding that American Cyanamid was not entitled to a directed verdict on the issue of the effective date of the contract.

*Judgment reversed. All the Justices concur, except Weltner, J., not participating.*

DECIDED JANUARY 5, 1982.

*Walter C. Hartridge,* for appellant.
*Joseph B. Bergen, Willis J. Richardson, Jr., Charles L. Sparkman, Aron G. Weiner, Kenneth H. Cail,* for appellee.