## 64373. STAFFORD ENTERPRISES, INC. v. AMERICAN CYANAMID COMPANY.

QUILLIAN, Chief Judge.

The litigation which preceded the present appeal had its beginnings when on July 10, 1975, one Ring, an employee of Stafford Enterprises (hereinafter Stafford) while working on the premises of American Cyanamid (hereinafter Cyanamid) fell from a scaffold and was instantly killed. His widow, Robbie Sue Ring, brought a negligence action against Cyanamid. The latter then impleaded Stafford as a third-party defendant, alleging that Ring was an employee of Stafford at the time of his death, and that the corporations had a contract containing an indemnity agreement by which Stafford agreed to hold Cyanamid harmless for all damages not caused by the sole negligence of Cyanamid.

The case was tried and the jury returned a special verdict in favor of Ring against Cyanamid, finding that, although the deceased Ring had been guilty of contributory (comparative?) negligence amounting to 27.5%, Cyanamid was guilty of negligence proximately causing Ring's death. The jury also found that there was no agreement in effect between the two corporations on the date of Ring's death, that is, July 10, 1975. This case was appealed to the Court of Appeals and our Court affirmed in *American Cyanamid Co. v. Ring,* 158 Ga. App. 525 (281 SE2d 247). In that case, this Court found, as to the contract between the two corporations, which was dated July 1, 1975, but not executed until July 15, 1975, that since the death occurred on July 10, 1975, Stafford's indemnity was not in effect at the time of Ring's death.

On certiorari, *Americian Cyanamid Co. v. Ring,* 248 Ga. 673 (286 SE2d 1), the Supreme Court reversed. In its decision, the Supreme Court pointed out: "At trial, American Cyanamid moved for a directed verdict on the ground that, as a matter of law, the second contract was in effect on July 1, 1975, and, thus, the indemnity clause operated to relieve it of liability for Ring's death on July 10, 1975. The trial court denied the motion, determining that the two dates on the contract created an ambiguity which was appropriate for the jury to resolve. The jury returned a special verdict finding, inter alia, that *Ring's death was not due to the sole negligence of American Cyanamid* and that there was no contract in effect between Stafford and American Cyanamid on July 10, 1975. Judgment was entered against American Cyanamid." (Emphasis supplied). Id. p. 674. The Court then proceeded to hold: "Contrary to the implication of the Court of Appeals' opinion, the effective date of a contract is not the date of execution where the contract expressly states that its terms

are to take effect at an earlier date. 'It is elemental that contracting parties may agree to give retroactive effect . . . to their contracts as they may see fit.' [Cit.] And, '(i)t is fundamental that where parties to an agreement expressly provide that a written contract be entered into "as of" an earlier date than that on which it was executed, the agreement is effective retroactively "as of" the earlier date and the parties are bound thereby . . .' [Cits.] Examining the contract between American Cyanamid and Stafford on its face, we conclude, from the position of the date 'July 15, 1975' at the bottom of the contract and from the clear language of the contract stating it was effective 'as of July 1, 1975' that Stafford's agent intended for July 15, 1975 to be a notation of the date of execution rather than the effective date of the contract. Therefore, we hold the Court of Appeals erred in finding that American Cyanamid was not entitled to a directed verdict on the issue of the effective date of the contract." Id. p. 675.

On remand to this Court, counsel for Stafford made essentially the same argument he is now urging in the present appeal; that is, that Stafford was entitled to a new trial and that it could not be held liable unless it were found negligent. Nevertheless, this Court entered a judgment which stated: "The judgment of the trial court in favor of the third-party defendant Stafford Enterprises and against the defendant American Cyanamid Company, and also the judgment denying the defendant American Cyanamid Company's motion for judgment notwithstanding the verdict are reversed in accordance with the opinion of the Supreme Court." *American Cyanamid Co. v. Ring,* 161 Ga. App. 317 (289 SE2d 823). By motion for rehearing, Stafford's arguments were reiterated concerning the requirement that a new trial be granted it rather than a directed verdict be entered against it, and that a judgment could not be rendered against it unless it were found to be negligent by a jury, but the motion was denied and the decision remained unchanged.

When the remittitur from this Court reached the trial court, the trial judge entered a judgment which decreed that the plaintiff Ring, individually, have judgment against Cyanamid in the amount of $300,147.10 and that the plaintiff Ring, as administratrix, have judgment against Cyanamid in the amount of $1,675.37 with interest at the legal rate; that the defendant and third-party plaintiff Cyanamid have judgment over and against third-party defendant Stafford for the aforesaid principal and interest under the indemnity agreement entered into between the two corporations. The order left the issue of attorney's fees, costs, and expenses to be determined at a later time.

On the judgment of the trial court, entered after remand from the Supreme Court to the Court of Appeals, and after entry of the

remittitur from the Court of Appeals, Stafford appeals and assigns the judgment as error. *Held:*

As has been pointed out in the statement of facts, the appellant's major contention is the same as that which was urged before this Court on remand from the Supreme Court. In essence, the argument is that, since neither the Supreme Court nor the Court of Appeals reversed with direction, the effect of their judgment was to grant a directed verdict only as to the issue that the contract between the two corporations was in effect as of the date of Ring's death. Therefore, appellant contends that a directed verdict for Cyanamid was not authorized but instead a new trial should have been granted so that further issues could have been determined, the principal one which the appellant urges being that the evidence did not show any negligence on its part, therefore, Cyanamid could not recover under these circumstances.

In contending that a finding of negligence on its part is mandatory, Stafford relies on *Binswanger Glass Co. v. Beers Constr. Co.,* 141 Ga. App. 715, 719 (234 SE2d 363) which involved a clause providing indemnity for "any and all claims . . . to any person . . . resulting from negligence or other causes." In passing upon the issue of whether the sub-contractor was contractually liable to indemnify the general contractor, this court held that if only contributory negligence on the part of the sub-contractor's employee was shown and no showing was made that the sub-contractor was negligent, then the contract could not be construed to indemnify the general contractor for its own acts of negligence.

The indemnity agreement between the two corporations reads as follows: "Subject to the terms and conditions of this contract, CONTRACTOR [Stafford] shall be liable for and protect, defend, indemnify and save CYANAMID, its officers, directors, and employees harmless against any and all claims, losses, demands, causes of action and any and all related costs and expenses, of every kind and character suffered by the parties hereto and/or their employees and to the person or property of any other person or corporation, on account of personal injuries or death, or damages to property occurring, growing out of, incident to, or resulting directly or indirectly from the performance by CONTRACTOR [Stafford] hereunder, whether such loss, damage, injury or liability is contributed to by the negligence of CYANAMID or its employees and whether due to imperfections of any material furnished by CYANAMID, or by premises themselves or any equipment thereon, whether latent or patent, or from other causes whatsoever; except that CONTRACTOR [Stafford] shall have no liability for damages or the costs incident thereto caused by the sole negligence of

CYANAMID."

In *Charter Builders v. Sims Crane Service,* 150 Ga. App. 100 (1) (256 SE2d 678) this court held: "It is clear that enforcement of indemnity provisions such as the one here in question turns on the issue of negligence, for the only limitation on the indemnitor's liability is where the loss or injury results from the sole negligence of the indemnitee, see generally *Ga. Ports Authority v. Central of Ga. R. Co.,* 135 Ga. App. 859, 864 (219 SE2d 467) (1975); or, in other words, if the loss or injury is attributable, even partly, to the negligence of the indemnitor, the obligation to indemnify arises. See generally *Benson Paint Co. v. Williams Const. Co.,* 128 Ga. App. 47, 50 (195 SE2d 671) (1973)." Accord, *Arthur Pew Constr. Co. v. Bryan Constr. Co.,* 156 Ga. App. 780, 781 (275 SE2d 384). See *Molly Pitcher Canning Co. v. Central of Ga. R. Co.,* 149 Ga. App. 5, 7 (253 SE2d 392) where this court considered an indemnity provision containing language almost identical to that used in the instant case.

There is no general prohibition preventing an indemnitee from recovery although it was negligent but, because indemnity provisions are construed in favor of the indemnitor, "[t]he tendency has been not to sustain an indemnity agreement against the indemnitee's own negligence unless the agreement spells out the indemnitee's obligation in unequivocal terms." *Cash v. Street & Trail, Inc.,* 136 Ga. App. 462, 465 (221 SE2d 640). Accord, *Liberty Mut. Ins. Co. v. Alsco Constr., Inc.,* 144 Ga. App. 307, 311 (240 SE2d 899).

Under the express contractual language above quoted the vital factor which would prevent Cyanamid from recovery, under the terms of the agreement, would be if Ring's death were due to Cyanamid's sole negligence. The Supreme Court opinion in *American Cyanamid Co. v. Ring,* 248 Ga. 673, 674, supra, recognized this and pointed out that the jury returned a special verdict finding that Ring's death was not due to the sole negligence of Cyanamid. Thus, at the time of the Supreme Court's judgment, it would have been appropriate to enter judgment on directed verdict for Cyanamid against Stafford.

Therefore, the only question that remains is, what was the effect of the judgment entered by the Supreme Court and by the Court of Appeals? In *Smith v. Smith,* 119 Ga. App. 619, 620 (168 SE2d 609), it was held: "Where a judgment in favor of one of two parties litigant is reversed by the appellate court without direction, and where only questions of fact, or mixed questions of law and fact are involved, the legal result is a new trial, not the rendition of a judgment without trial and as a matter of course. *Schley v. Schofield & Son,* 61 Ga. 528. This is true even though it does not appear from the record whether or not the losing party can adduce further evidence with which to meet the

deficiency pointed out in the appellate opinion. *Monroe Motor Express v. Jackson,* 76 Ga. App. 280, 283 (45 SE2d 445)." Accord, *Sirmans v. C. & S. Nat. Bank,* 132 Ga. App. 894 (1) (209 SE2d 697).

On the other hand, it should be recognized that as we pointed out in *Bullock v. Grogan,* 141 Ga. App. 40 (232 SE2d 605), rulings of the appellate courts are binding in all subsequent proceedings in the trial or appellate courts. Code Ann. § 81A-160 (h) (Ga. L. 1966, pp. 609, 622; through 1974, p. 1138). Moreover, the decision of the appellate court, and any direction awarded, shall be respected and in good faith carried into full effect by the court below. Code § 6-1804. See *Wright v. Sanford,* 243 Ga. 252, 253 (253 SE2d 560).

In the recent case of *Superior Rigging &c. Co. v. Krofft Dev. Corp.,* 162 Ga. App. 810 (293 SE2d 72) (1982), addressing the issue of whether, of necessity, a new trial must be had where a judgment of reversal without direction was entered, citing *Smith v. Smith,* 119 Ga. App. 619, 620, 621, supra, we made the point that: "Where, on the other hand, only a question of law is involved, . . . the losing party forfeits his right to (further proceedings) after the judgment of the appellate court on the remittitur is made the judgment of the trial court, since the case is no longer pending."

Our review of cases involving directed verdicts and judgments show that where there is a failure to direct a verdict or grant a judgment the correct procedure for the appellate court is to reverse and direct that judgment be entered for the moving party, if such action should undoubtedly follow. This has been done in a long line of cases. See for example, *Weiss v. Kling,* 96 Ga. App. 618 (101 SE2d 178); *Corrosion Control, Inc. v. William Armstrong Smith Co.,* 148 Ga. App. 75 (251 SE2d 49); *Bryant v. Colvin,* 160 Ga. App. 442 (287 SE2d 238); *Hearn v. Leverette,* 213 Ga. 286 (99 SE2d 147). However, this is not always done as sometimes the court merely reverses. See in this connection *Chrysler Corp. v. Wilson Plumbing Co.,* 132 Ga. App. 435 (208 SE2d 321); *Budd v. Saddler Realty,* 150 Ga. App. 148 (257 SE2d 1); *Seaboard C. L. R. Co. v. Carter,* 231 Ga. 5 (200 SE2d 113); *Ross v. Hall County Bd. of Commrs.,* 235 Ga. 309 (219 SE2d 380). In *Southern Bell &c. Co. v. Brackin,* 215 Ga. 225 (109 SE2d 782), on certiorari, the Supreme Court merely reversed but the Court of Appeals followed that decision by reversing the trial court with direction. *Southern Bell &c. Co. v. Brackin,* 100 Ga. App. 340 (111 SE2d 163). The appellate court may also direct the grant of a new trial where appropriate. See Code § 81A-150 (d), (e) (Ga. L. 1966, pp. 609, 656; 1967, pp. 226, 237, 246, 248); *Gandy v. Griffin,* 120 Ga. App. 100, 104 (1) (169 SE2d 651); *Pippin v. Bryan,* 149 Ga. App. 193 (253 SE2d 855); *Tomlinson v. Patrick,* 228 Ga. 373, 377 (4) (185 SE2d 407).

Here, it is arguable that the prior decisions of the Supreme Court

and the Court of Appeals in this case were intended to grant a directed verdict solely on one issue, and that a new trial should be had as to whether the terms of the contract were actually complied with. But, the fact remains that no direction was given to this effect, either. Here, we have a situation in which the present appellant has already argued the same points that he now attempts to make to this Court, and obtained an unfavorable ruling in that the Court of Appeals denied his motion for rehearing, predicated on the grounds which now control our case. In view of the history of this case, and the posture as presented in the present appeal, we find that the trial court did not err in entering judgment for Cyanamid against Stafford, based on the indemnity agreement.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 10, 1982 —
REHEARING DENIED DECEMBER 6, 1982 — 

*Willis J. Richardson, Jr., Wray Eckl, Steven Miller,* for appellant.

*Charles L. Sparkman, Kenneth H. Cail, Aron G. Weiner, Walter C. Hartridge,* for appellee.

ON MOTION FOR REHEARING.

On motion for rehearing movant Stafford argues that evidence on the former appearance of this case shows the deceased was not an employee of Stafford but was an employee of Cyanamid. Thus, it is contended Cyanamid can not recover under the terms of the indemnity agreement since the action is based on Cyanamid's sole negligence. See e.g., Code Ann. § 20-504 (b) (Code § 20-504; as amended Ga. L. 1970, p. 441).

Stafford's argument might have merit if this were the first appeal of this case. However, this case has already been appealed to this court, *American Cyanamid Co. v. Ring,* 158 Ga. App. 525 (281 SE2d 247), certioraried to the Supreme Court, *American Cyanamid Co. v. Ring,* 248 Ga. 673 (286 SE2d 1), which reversed our decision upholding the trial court, and then ruled upon on remand by this court, *American Cyanamid Co. v. Ring,* 161 Ga. App. 317 (289 SE2d 823).

Looking at this case from an historical perspective, we find that Cyanamid moved for a directed verdict against Stafford contending that under the terms of the indemnity agreement Stafford as third party defendant was liable to it for any damages recovered by the plaintiff. The trial judge denied this motion as well as the subsequent

motion for judgment n.o.v. This court affirmed despite assertions as to the error of this decision by several enumerations of error raised by Cyanamid. See *American Cyanamid Co. v. Ring,* 158 Ga. App. 525, 527 (2), supra.

The Supreme Court then reversed this court's decision and held the indemnity contract was in effect. No direction was given other than judgment reversed. On remand to this court, the judgment denying the defendant Cyanamid's motion for judgment n.o.v. was reversed without either specification or direction.

As we endeavored to point out in the main opinion, it is therefore clear that the issues sought to be raised now concerning the applicability of the indemnity agreement and the evidence relevant thereto were before both our appellate courts. Our decision's rather extensive recitation of the principles of sole negligence under the terms of a contract of indemnity was designed to emphasize the fact that these issues were ripe for determination at the time the Supreme Court and this Court entered their judgments. Our decision therefore did not make a ruling as to these issues but merely highlighted the fact that, as a result of the judgments by the Supreme Court and Court of Appeals, such issues were laid to rest.

To recapitulate, Cyanamid sought a directed verdict as to Stafford's liability to it for any damages the plaintiff might recover from Cyanamid on the grounds that there was an existing agreement between the parties and the agreement was applicable because the damages were not due to the sole negligence of Cyanamid.

Therefore, the final judgment by the Court of Appeals reversing the denial of Cyanamid's motion for judgment n.o.v. against Stafford *(American Cyanamid Co. v. Ring,* 161 Ga. App. 317, supra) had the effect of conclusively settling those issues now sought to be urged by Stafford.

*Motion for rehearing denied.*