76835. WAGES v. MOUNT HARMONY MEMORIAL GARDENS, INC. et al.

(375 SE2d 57)

McMurray, Presiding Judge.

Plaintiff Wages, d/b/a Atlanta Crematory, filed this action against defendant Mount Harmony Memorial Gardens, Inc., and defendant Smith. Plaintiff's complaint alleged that he leased certain real property from the corporate defendant for use as a crematory and chapel; that the corporate defendant acting through its president, defendant Smith, did lock plaintiff from the premises and deprive plaintiff of all use and occupancy of the premises, and that all rent for a period of one year and 31 days had been paid in advance and accepted by defendants. Plaintiff sought damages of $11,730, the amount of the allegedly prepaid rent, additional damages for the alleged trespass, and punitive damages.

Defendants' separate answers denied the substantial averments of plaintiff's claims. The corporate defendant also filed its counterclaim seeking damages for plaintiff's negligence and breach of contract while in possession of the premises. The corporate defendant's counterclaim also sought attorney fees and expenses of litigation.

The evidence shows that plaintiff was in continuous possession of the premises from 1971 through August 25, 1984, as a tenant of either the corporate defendant or its predecessor in title. Rent for 1980 (actually January 15, 1980, to January 15, 1981) was paid in January 1980 by plaintiff's check to the corporate defendant for $6,000. On or about March 14, 1980, plaintiff and the corporate defendant executed a lease agreement for the premises. The lease provided in part that: "This Lease shall be for a term of One (1) Year commencing on January 14, 1981, and the LESSEE shall have two options to renew for Two (2) One Year periods after expiration of the initial One (1) Year term. The LESSEE shall give the LESSOR notice in writing Thirty (30) days prior to expiration of the Lease of his intention to exercise the option. Failure by the LESSEE to exercise the initial One (1) Year option shall operate to forfeit any rights under the second option period. . . . The LESSEE shall pay to the LESSOR the sum of Nine Thousand Nine Hundred ($9,900.00) Dollars payable Eight Hundred Twenty-Five ($825.00) Dollars per month, One (1) Year in advance for the term beginning January 14, 1981 through January 13, 1982. The LESSEE shall pay the LESSOR the sum of Ten Thousand Eight Hundred ($10,800.00) Dollars payable Nine Hundred ($900.00)

Dollars per month, One (1) Year in advance for each option period, if the LESSEE elects to exercise the options contained herein. If the LESSEE does not exercise either of the herein contained options, the LESSOR shall refund immediately all advance rental payments made by the LESSEE."

The first payment under the lease predated the execution of the lease. That first payment was made on February 15, 1980, from plaintiff to the corporate defendant in the amount of $825. Thereafter, at monthly intervals, plaintiff made payments to the corporate defendant of $825. In April 1981 the payments were increased to $900 per month through June of 1984. The last payment was made in July 1984 in the amount of $1,200.

The plaintiff's claim for prepaid rent is based on evidence that the (year in advance) monthly lease payments were continued (beyond the period required under the lease and) through the entire time that plaintiff occupied the premises, so that at the termination of plaintiff's tenancy a year's rent was prepaid and should have been refunded. Defendants' contention was that plaintiff was being permitted to pay for the three years duration of the lease (the initial year plus two optional periods of one year) over four years so that at the end of the third year of the lease there was no prepaid rent and subsequent rent payments were on a current basis.

Upon the trial of the case, the jury returned a verdict in favor of the corporate defendant and awarded the corporate defendant $2,500 as general damages and $7,500 as attorney fees and expenses of litigation. By stipulation, defendant Smith was to be included in the judgment as having received a general verdict (without damages) in his favor. The judgment followed the verdict and plaintiff appeals. *Held*:

1. Plaintiff enumerates as error the admission into evidence of testimony by defendant Smith which changed and altered the terms of the unambiguous written lease in violation of the parol evidence rule, OCGA § 24-6-1. Over plaintiff's objection, defendant Smith was permitted to testify as to his *understanding* that under the terms of the lease plaintiff was to have paid $42,000 ($12,000 the first year and $15,000 for each of the two optional years). "While, generally, an ambiguity in a contract may be explained by parol evidence, 'parol evidence is inadmissible to add to, take from or vary a written contract.' [OCGA § 13-2-2 (1); OCGA §§ 24-6-1; and 24-6-2]. Where the contract is complete on its face and the evidence offered to explain the ambiguity contradicts the terms of the written instrument, it should not be admitted. See generally, *Preferred Risk Mut. Ins. Co. v. Jones*, 233 Ga. 423 (211 SE2d 720) (1975); Corbin, Contracts, Vol. 3, § 573 (1960)." *American Cyanamid Co. v. Ring*, 248 Ga. 673, 674 (286 SE2d 1). See also *Tyson v. Henson*, 159 Ga. App. 684 (1) (285 SE2d 27); *Johnson v. Ford Motor Credit Co.*, 142 Ga. App. 547, 548 (236 SE2d

527); and *Kellos v. Parker-Sharpe*, 245 Ga. 130, 132 (1) (263 SE2d 138). In the case sub judice, the contract provided without ambiguity the amount to be paid as rental by plaintiff. (A maximum of $31,500, assuming exercise of both optional periods.) Thus, defendant Smith's contradictory understanding was inadmissible and the trial court erred in admitting this testimony. *Town of Decatur v. Jaudon*, 136 Ga. 854 (2) (72 SE 351).

2. Plaintiff enumerates as error the trial court's denial of his motion for directed verdict for $11,700, the amount which plaintiff contends defendant held as prepaid rent. However, we find no error since under no view of the evidence is an award for prepaid rent authorized in the amount claimed by plaintiff.

3. Plaintiff's remaining enumerations of error complain that there is insufficient evidence to authorize the verdict for damages, attorney fees and expenses of litigation awarded defendant. These issues are rendered moot by our reversal of the trial court's judgment pursuant to Division 1.

*Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 21, 1988 —
REHEARING DENIED OCTOBER 12, 1988 — 

*Casper Rich*, for appellant.
*Harold A. Lane, William O. Green, Jr.*, for appellees.