(856 P.2d 1352)
No. 68,929

ROBERT KNOWLES, *Appellant*, v. BURLINGTON NORTHERN RAILROAD COMPANY, *Appellee/Cross-Appellant*, v. ASPLUNDH TREE EXPERT COMPANY, *Appellee*.

Petition for review denied 254 Kan. ____ (December 12, 1993).

Opinion filed July 30, 1993.

*Davy C. Walker*, of Kansas City, and *Jon G. Carlson* and *Daniel Cohen*, of Jon G. Carlson & Associates, P.C., of Edwardsville, Illinois, for appellant.

*Brett C. Coonrod*, of Deacy & Deacy, of Prairie Village, for appellee/cross-appellant.

*Paul Hasty, Jr.*, of Wallace, Saunders, Austin, Brown and Enochs, Chartered, of Overland Park, for appellee.

Before BRAZIL, P.J., RULON and GREEN, JJ.

GREEN, J.: This litigation arises out of plaintiff's claim of exposure to toxic chemicals while in the employment of defendant Burlington Northern Railroad Company (hereafter "Burlington"). Robert L. Knowles, the plaintiff, sued Burlington, alleging that he contracted cancer after being exposed to various harmful chemicals. He also claims that he was saturated with a defoliant sprayed by Asplundh Tree Expert Company (hereafter "Asplundh") in May 1988. Burlington filed a third-party suit against Asplundh for indemnity in spraying plaintiff with the defoliant. The district

court granted Asplundh summary judgment on Burlington's indemnity claim. Burlington was also granted summary judgment on plaintiff's claim. This is an appeal by the plaintiff from the summary judgment in favor of Burlington. In addition, Burlington cross-appeals against Asplundh for indemnity should Burlington's summary judgment be reversed.

In May 1988, plaintiff was sprayed with defoliant chemicals while working as a signalman for Burlington in Rosedale, Kansas. Under a contract with Burlington, Asplundh was responsible for spraying the weeds and plants at that location. Four months later, plaintiff was diagnosed with non-Hodgkins lymphoma, commonly referred to as cancer of the lymph nodes.

The plaintiff filed a Federal Employers' Liability Act (45 U.S.C. § 51 *et seq.* [1988]) (hereafter "FELA") action against Burlington on July 24, 1990, alleging the exposure to defoliant had caused his cancer. On September 24, 1990, plaintiff filed an amended petition making the additional allegation that he had been exposed to toxic chemicals and diesel fumes on numerous occasions while employed with Burlington and that these exposures as well as the May 1988 incident at Rosedale caused his cancer. Burlington filed a third-party cause of action against Asplundh seeking contractual and implied indemnity for liability incurred as a result of plaintiff's FELA action.

Plaintiff's first expert witness disclosure, filed on June 17, 1992, designated three experts, among them Melvin Reuber, M.D. The disclosure stated, "Dr. Reuber is expected to testify that Plaintiff contracted cancer as a result of his contact with hazardous chemicals and substances during his employment with Defendant."

Burlington and Asplundh moved to strike the expert witness disclosure for failure to comply with the requirements of K.S.A. 1992 Supp. 60-226(b)(4)(A)(i). Plaintiff then filed a supplemental expert witness disclosure on July 6, 1992. With regard to Dr. Reuber, the supplemental disclosure listed the information provided to Dr. Reuber upon which his opinion was based. Attached to the supplemental disclosure were 140 pages of documents related to Asplundh's contract with Burlington and chemical and safety information on the defoliant products Asplundh had used in performance of the contract. However, the supplemental dis-

closure did not contain a summary of the grounds for Dr. Reuber's aforementioned opinion.

Again, Asplundh and Burlington moved to strike plaintiff's expert witness disclosure. Following a hearing on July 10, 1992, the trial court denied the motions to strike but restricted plaintiff's experts to the opinions and facts contained in his expert witness disclosure.

Burlington then filed its expert witness disclosure on September 2, 1992. In its disclosure, Burlington stated its two experts would testify that exposure to the defoliants, diesel fumes, and creosote did not cause plaintiff's lymphoma. This disclosure also did not include a summary of the grounds for the experts' opinions.

On September 10, 1992, the trial court granted summary judgment in favor of Asplundh on Burlington's third-party claim. The next day, Burlington moved for summary judgment on plaintiff's FELA claim. Plaintiff's counsel stated in court that if Asplundh was properly granted summary judgment, Burlington was entitled to summary judgment since plaintiff's experts intended to testify that the spraying incident in May 1988 was the only cause of plaintiff's illness. As we understand, the trial court found plaintiff was abandoning his claim that previous exposure to diesel fumes and other substances, while working for defendant, contributed to his illness. The trial court then granted defendant summary judgment on plaintiff's FELA claim.

The plaintiff first argues that expert testimony is not required to prove causation in FELA cases. The plaintiff cites *Sentilles v. Inter-Caribbean Corp.*, 361 U.S. 107, 109, 4 L. Ed. 2d 142, 80 S. Ct. 173 (1959), to support his argument.

The plaintiff in *Sentilles* was a seaman who brought suit under the Jones Act, now 46 App. U.S.C. § 688 (1988), the sister act of FELA. At trial, expert medical evidence was presented which suggested plaintiff's tuberculosis could have been aggravated by defendant's negligence; however, the evidence was less than unanimous. 361 U.S. at 109. Three doctors testified as expert witnesses. None testified that plaintiff's tuberculosis was in fact caused by the accident which occurred during the course of his employment with defendant. One expert testified that the illness might be aggravated by the accident. Another expert testified

that the accident and plaintiff's preexisting diabetes most likely aggravated the tuberculosis, but he could not determine between the two factors which was more culpable for plaintiff's current condition. The last expert, who did not examine the plaintiff, suggested that the accident probably aggravated plaintiff's condition. 361 U.S. at 109. Although the causation evidence was extremely weak, the United States Supreme Court still held the evidence sufficient to support a verdict in favor of the plaintiff.

Although *Sentilles* illustrates the sparse amount of evidence required on causation in order to send that issue to a jury, its holding does not obviate the need to provide expert testimony to prove causation in all FELA and Jones Act cases.

Even when acknowledging the lower standard of proof in FELA cases, the United States Court of Appeals for the First Circuit held that expert testimony is needed in certain cases. In *Moody v. Maine Cent. R. Co.*, 823 F.2d 693, 695-96 (1st Cir. 1987), the court recognized the relaxed standard of proof in FELA cases but ruled that expert testimony was required to prove plaintiff's case. The plaintiff in *Moody* alleged that on the job harassment caused his angina. The court upheld a summary judgment in defendant's favor because none of the doctors in the case had indicated that the harassment caused the angina. In support of its reasoning, the court quoted Prosser and Keeton:

" 'Where the conclusion [of causation] is not one within common knowledge, expert testimony may provide a sufficient basis for it, but in the absence of such testimony it may not be drawn.' W.P. Keeton, *The Law of Torts* 269 (5th ed. 1984)." 823 F.2d at 695.

As a general rule, only where the subject matter is not complicated and it is elementary or of common knowledge are lay people serving as jurors allowed, without the need of an expert, to draw proper conclusions from given facts and circumstances. However, in this case, the connection between non-Hodgkins lymphoma and exposure to certain defoliants is not the kind of information that is elementary or of common knowledge. Therefore, without the help of expert opinion testimony, lay jurors would be incapable of forming a correct judgment.

Consequently, we find that the trial court was correct when it stated "expert opinion evidence would be essential to sustain Plaintiff's toxic tort claim."

Next, plaintiff argues that the disclosure statements of the proposed testimony of plaintiff's experts raise an issue of material fact, which precluded the trial court from entering summary judgment in favor of Burlington. We agree and reverse.

The issue in this case is not whether plaintiff's expert testimony will be admissible. There has been no determination of admissibility under K.S.A. 60-456 or a hearing to examine the data upon which Dr. Reuber's opinion is founded pursuant to K.S.A. 60-457. Furthermore, the trial court did not strike plaintiff's experts. It simply restricted the testimony of plaintiff's experts to the facts and opinions contained in the original and supplemental disclosures. The propriety of that ruling is not before this court on appeal. The question raised in plaintiff's appeal is whether these disclosures are sufficient to establish a material issue of fact concerning causation.

The original disclosure states, "Dr. Reuber is expected to testify that Plaintiff contracted cancer as a result of his contact with hazardous chemicals and substances during his employment with Defendant." The 1988 defoliant spraying incident occurred during plaintiff's employment with Burlington. Moreover, the 140 pages of documentation attached to the supplemental expert disclosure relate entirely to Asplundh and the defoliant products it used in 1988 pursuant to its contract with Burlington. Assuming the trial court deems Dr. Reuber's testimony admissible under K.S.A. 60-456 and because of the relaxed standard of proof of causation in FELA cases, the fact that his opinion will link plaintiff's lymphoma to the 1988 spraying incident is sufficient to raise a material issue of fact concerning causation.

When summary judgment is challenged on appeal, an appellate court must read the record in the light most favorable to the party who defended against the motion for summary judgment. *Patterson v. Brouhard*, 246 Kan. 700, 702, 792 P.2d 983 (1990). Moreover, where reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied. *Barbara Oil Co. v. Kansas Gas Supply Corp.*, 250 Kan. 438, 445, 827 P.2d 24 (1992). Further, "a FELA plaintiff need only present a minimum amount of evidence in order to defeat a summary judgment motion." *Hines v. Consolidated Rail Corp.*, 926 F.2d 262, 268 (3d Cir. 1991).

In light of the low standard of proof of causation required in FELA actions, as discussed above, the disclosure statements of the proposed testimony of plaintiff's experts were sufficient to deny summary judgment in this matter. Consequently, the trial court erred by granting summary judgment to Burlington.

Finally, we address Burlington's cross-appeal against Asplundh for indemnity. Burlington argues that if we find the trial court erred in granting it summary judgment against the plaintiff, then the trial court also erred in granting Asplundh summary judgment. We agree.

As discussed above, we have found the plaintiff's disclosure statements of proposed expert testimony sufficient to present a question of material fact. Accordingly, the trial court erred in granting summary judgment to Asplundh.

We need not address Asplundh's argument that Burlington's third-party claim must be considered under Kansas common law and not FELA. The issue is being raised for the first time in this appeal. " 'A point not raised before or presented to the trial court cannot be raised for the first time on appeal.' " *Diversified Financial Planners, Inc. v. Maderak*, 248 Kan. 946, 948, 811 P.2d 1237 (1991) (quoting *Kansas Dept. of Revenue v. Coca Cola Co.*, 240 Kan. 548, 552, 731 P.2d 273 [1987]).

Nevertheless, we note that the issue is controlled by the indemnity provision of the contract between Burlington and Asplundh. Under the provisions of the contract, Asplundh's liability is to be determined under the law which would make Burlington liable to the plaintiff and not upon Asplundh's common-law liability. *Chicago, R.I. & P.R. Co. v. Dobry Flour Mills*, 211 F.2d 785, 788 (10th Cir.), *cert. denied* 348 U.S. 832 (1954). See *Missouri Pac. R. Co. v. International Paper Co.*, 618 F.2d 492 (8th Cir. 1980), and *Southern Ry. Co. v. Georgia Kraft Co.*, 823 F.2d 478 (11th Cir. 1987). In this case, Asplundh's liability to Burlington must be determined according to FELA.

Reversed and remanded for trial.